## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KAREN BARKES, et al. | ) | |
| | ) | |
| | ) | |
| Plaintiffs | ) | C.A. No. 06-104 |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, INC., et al. | ) | JURY OF 12 DEMANDED |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER TO COMPLAINT OF DEFENDANTS FIRST CORRECTIONAL MEDICAL, INC., AND CERTAIN UNKNOWN INDIVIDUAL EMPLOYEES OF <u>FIRST CORRECTIONAL MEDICAL, INC.</u>**

1. Answering defendants are without sufficient information to admit or deny the allegations in this paragraph.

2. Answering defendants are without sufficient information to admit or deny the allegations in this paragraph.

3. Answering defendants are without sufficient information to admit or deny the allegations in this paragraph.

4. Answering defendants are without sufficient information to admit or deny the allegations in this paragraph as they are directed to another defendant.

5. Answering defendants are without sufficient information to admit or deny the allegations as they are directed to another defendant.

6. Answering defendants are without sufficient information to admit or deny the allegations as they are directed to another defendant.

7. Answering defendants are without sufficient information to admit or deny the

allegations as they are directed to another defendant.

8. Denied.

9. Denied that unknown individuals of FCM, Inc., were involved in the care and custody of Christopher Barkes.

10. Admitted upon information and belief.

11. Answering defendants are without sufficient information to admit or deny the allegations in this paragraph.

12. Answering defendants are without sufficient information to admit or deny the allegations in this paragraph.

13. Answering defendants are without sufficient information to admit or deny the allegations in this paragraph.

14. Answering defendants are without sufficient information to admit or deny the allegations in this paragraph.

15. Answering defendants are without sufficient information to admit or deny the allegations in this paragraph.

16. Answering defendants are without sufficient information to admit or deny the allegations in this paragraph.

17. Answering defendants are without sufficient information to admit or deny the allegations in this paragraph.

18. Answering defendants are without sufficient information to admit or deny the allegations in this paragraph.

19. Answering defendants are without sufficient information to admit or deny the allegations in this paragraph.

20. Wrongful conduct by answering defendants is denied and it is denied that any conduct by answering defendants caused any illnesses, injuries, or any damages of any nature to the decedent.

21. Answering defendants are without sufficient information to admit or deny the allegations in this paragraph.

22. Wrongful conduct by answering defendants is denied and it is denied that any conduct by answering defendants caused any illnesses, injuries, or any damages of any nature to the decedent.

23. Wrongful conduct by answering defendants is denied and it is denied that any conduct by answering defendants caused any illnesses, injuries, or any damages of any nature to the decedent.

24. Wrongful conduct by answering defendants is denied and it is denied that any conduct by answering defendants caused any illnesses, injuries, or any damages of any nature to the decedent.

25. Wrongful conduct by answering defendants is denied and it is denied that any conduct by answering defendants caused any illnesses, injuries, or any damages of any nature to the decedent.

26. Wrongful conduct by answering defendants is denied and it is denied that any conduct by answering defendants caused any illnesses, injuries, or any damages of any nature to the decedent.

27. Wrongful conduct by answering defendants is denied and it is denied that any conduct by answering defendants caused any illnesses, injuries, or any damages of any nature to the decedent.

28. Wrongful conduct by answering defendants is denied and it is denied that any conduct by answering defendants caused any illnesses, injuries, or any damages of any nature to the decedent.

29. Wrongful conduct by answering defendants is denied and it is denied that any conduct by answering defendants caused any illnesses, injuries, or any damages of any nature to the decedent.

30. Admitted upon information and belief.

31. Admitted that a document in Mr. Barkes' medical chart regarding the transfer to Christiana noted that he had a history of bipolar disorder.

32. Admitted upon information and belief.

33. Answers to paragraphs 1-32 are restated as if more fully set forth herein.

34. Denied.

35. Wrongful conduct by answering defendants is denied and it is denied that any conduct by answering defendants caused any illnesses, injuries, or any damages of any nature to the decedent.

36. Answers to paragraphs 1-35 are restated as if more fully set forth herein.

37. Objection. This paragraph states a legal conclusion to which no response is required.

38. Denied.

39. Denied.

40. Wrongful conduct by answering defendants is denied and it is denied that any conduct by answering defendants caused any illnesses, injuries, or any damages of any nature to the decedent.

41. Answers to paragraphs 1-40 are restated as if more fully set forth herein.

42. Defendants are without sufficient information to admit or deny as this paragraph is directed to other defendants.

43. Denied.

44. Wrongful conduct by answering defendants is denied and it is denied that any conduct by answering defendants caused any illnesses, injuries, or any damages of any nature to the decedent.

45. Answers to paragraphs 1-44 are restated as if more fully set forth herein.

46. Denied.

47. Answering defendants are without sufficient information to admit or deny whether plaintiffs were authorized to recover for the damages of the decedent Christopher Barkes. Wrongful conduct by answering defendants is denied and it is denied that any conduct by answering defendants caused any illnesses, injuries, or any damages of any nature to the decedent.

48. Answers to paragraphs 1-44 are restated as if more fully set forth herein.

49. Denied.

50. Answering defendants are without sufficient information to admit or deny whether Karen Barkes is authorized to recover for alleged damages suffered by the decedent.

## FIRST AFFIRMATIVE DEFENSE

51. The Complaint fails to state a claim against defendants upon which plaintiff may recover.

## SECOND AFFIRMATIVE DEFENSE

52. The Complaint fails to state a claim against defendant FCM upon which plaintiff may recover with respect to all claims for civil rights violations, including all claims under 42 U.S.C. § 1983 and the 8th Amendment of the Constitution of the United States, as there is no vicarious liability for civil rights claims.

## THIRD AFFIRMATIVE DEFENSE

53. The Complaint fails to state a claim against answering defendants upon which plaintiff may recover with respect to all civil rights claims as defendants were not deliberately indifferent to a serious medical condition.

## FOURTH AFFIRMATIVE DEFENSE

54. Plaintiffs' claims are barred under 18 Del. C. § 6853(a)(1) as plaintiffs failed to file an affidavit of merit which is a statutory requirement for a healthcare negligence action.

## FIFTH AFFIRMATIVE DEFENSE

55. Defendants provided plaintiff's decedent medical care that was appropriate for his conditions and which met the applicable standard for care.

### SIXTH AFFIRMATIVE DEFENSE

56.  Plaintiffs lack standing to bring this action.

### SEVENTH AFFIRMATIVE DEFENSE

57.  The plaintiff has failed to establish a parental relationship of decedent to Britney Barkes and Alexander Barkes and, accordingly, the Complaint fails to state causes of action on their behalf.

### EIGHTH AFFIRMATIVE DEFENSE

58.  Plaintiff has failed to proffer any medical expert testimony or support for their claims of medical negligence.

### NINTH AFFIRMATIVE DEFENSE

59.  The Complaint fails to state a claim for punitive damages upon which plaintiffs may recover.

**THEREFORE**, defendants FCM and certain unknown individual employees of First Correctional Medical, Inc., demand the judgment be entered in their favor with costs to be assessed against the other parties.

        **McCULLOUGH & McKENTY, P.A.**

        /s/ Dana M. Spring
        Daniel L. McKenty, Del. Bar No. 2689
        Dana M. Spring, Del. Bar No. 4605
        1225 N. King Street, Suite 1100
        P.O. Box 397
        Wilmington, DE 19899-0397
        (302) 655-6749
        Attorneys for First Correctional Medical, Inc., and certain unknown individual employees of First Correctional Medical, Inc.

March 22, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KAREN BARKES, et al. | ) | |
| | ) | |
| Plaintiffs | ) | C.A. No. 06-104 |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, INC., et al. | ) | JURY OF 12 DEMANDED |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I, **Dana M. Spring**, hereby certify that on this date a copy of the attached *Answer to Complaint of Defendants First Correctional Medical, Inc., and Certain Unknown Individual Employees of First Correctional Medical, Inc.,* was served via first class mail upon the following:

Jeffrey K. Martin, Esquire
Margolis Edelstein
1509 Gilpin Ave.
Wilmington, DE 19806

**McCULLOUGH & McKENTY, P.A.**

/s/ Dana M. Spring
Daniel L. McKenty, Del. Bar No. 2689
Dana M. Spring, Del. Bar No. 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for First Correctional Medical, Inc., and certain unknown individual employees of First Correctional Medical, Inc.

March 22, 2006