IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAREN BARKES, individually; ) | |
| TINA GROSSMAN as next friend of ) | |
| BRITTANY BARKES; TINA ) | |
| GROSSMAN as next friend of ) | |
| ALEXANDRA BARKES; and ) | |
| KAREN BARKES as administratrix ) | |
| of the ESTATE OF CHRISTOPHER ) | |
| BARKES, ) | C. A. No. 06-104-JJF |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| FIRST CORRECTIONAL MEDICAL ) | |
| INC.; STANLEY TAYLOR; ) | |
| RAPHAEL WILLIAMS; ) | |
| CERTAIN UNKNOWN INDIVIDUAL ) | |
| EMPLOYEES OF STATE OF ) | |
| DELAWARE DEPARTMENT OF ) | |
| CORRECTION; CERTAIN ) | |
| UNKNOWN INDIVIDUAL ) | |
| EMPLOYEES OF FIRST ) | |
| CORRECTIONAL MEDICAL, INC., ) | |
| And STATE OF DELAWARE, ) | |
| DEPARTMENT OF CORRECTION, ) | |
| ) | |
| Defendants. ) | |

**ANSWER AND CROSSCLAIM OF STATE OF DELAWARE DEFENDANTS:
DEPARTMENT OF CORRECTION, STANLEY TAYLOR,
RAPHAEL WILLIAMS
AND "UNKNOWN EMPLOYEES" OF STATE OF DELAWARE**

COME NOW, State of Delaware defendants, Department of Correction, Stanley Taylor, Raphael Williams and "unknown employees" of the State of Delaware, and answer plaintiff's complaint as follows: Unless expressly admitted or qualified, all of the allegations in the Complaint are generally denied.

1. Admitted, upon information and belief.

2. Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of this averment.

3. Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of this averment.

4. Admitted that Defendant Stanley W. Taylor, Jr. was appointed by the Governor of the State of Delaware as the Commissioner of the Delaware Department of Correction (DOC), and currently serves in that position.

5. Admitted.

6. Admitted that decedent, Christopher Barkes, was in the custody of DOC, at the Howard R. Young Correctional Institution (HRYCI), at or about the time of his death. Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the balance of this averment.

7. Admitted that the Department of Correction is a department within the executive branch of the State of Delaware government.

8. Admitted. At all relevant times, First Correctional Medical, Inc. was responsible for the provision and performance of medical services to inmates at HRYCI as well as other State correctional institutions.

9. Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of this averment.

10. Admitted, upon information and belief. However State Defendants reserve all defenses, including jurisdictional defenses, which may be available to them.

11. Admitted.

12. Defendants are generally aware of this incident which resulted in a criminal conviction against Christopher Barkes. Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the particulars of this averment.

13. Defendants are generally aware of this incident which resulted in a criminal conviction against Christopher Barkes. Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the particulars of this averment.

14. Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied.

15. Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied.

16. Upon information and belief, Denied.

17. Defendants are without knowledge or information sufficient to respond to this averment.

18. Defendants are without knowledge or information sufficient to respond to this averment.

19. Admitted that on November 13, 2004, decedent, Christopher Barkes, was arrested by Wilmington Police Department, and subsequently incarcerated that same day at HRYCI. Upon information and belief, Barkes was arrested for loitering for the purpose of purchasing drugs and driving while revoked, in violation of an existing order of probation imposed as a result of a domestic violence assault conviction.

20.     Defendants are without knowledge or information sufficient to respond to this averment.

21.     Defendants are without knowledge or information sufficient to respond to this averment.

22.     Defendants are without knowledge or information sufficient to respond to this averment.

23.     This averment calls for legal and/or medical conclusions and opinions of ultimate fact to which no response is deemed necessary.  Should an answer be deemed necessary, this averment is denied in its entirety.

24.     Admitted, upon information and belief, that during the less than 24 hours of his incarceration on November 13-14, 2004, Christopher Barkes was housed in a cell (#122) in the Booking and Receiving area of HRYCI.  Otherwise, denied.

25.     This averment calls for legal and/or medical conclusions and opinions of ultimate fact to which no response is deemed necessary.  Should an answer be deemed necessary, this averment is denied in its entirety.

26.     Denied as alleged.

27.     Denied as alleged.

28.     Admitted that Christopher Barkes was found to have committed suicide on the morning of November 14, 2005.  Defendants are without knowledge or information sufficient to respond to the particulars of this averment.

29.     Admitted.  In addition, upon information and belief, an EMT/ambulance crew was promptly called to HRYCI and attempted to resuscitate Christopher Barkes.

30.     Admitted.

31. Defendants are without knowledge or information sufficient to respond to this averment.

32. Upon information and belief, Admitted.

33. Answering defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 32 above.

34. Denied.

35. Denied.

36. Answering defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 35 above.

37. This averment states and calls for legal conclusions to which no response is deemed necessary. Should an answer be deemed necessary, this averment is denied in its entirety.

38. This allegation is not directed to answering State defendants. To the extent an answer is required, or to the extent Plaintiffs seek to impute FCM's liability, if any, to the State, this averment is denied.

39. This allegation is not directed to answering State defendants. To the extent an answer is required, or to the extent Plaintiffs seek to impute FCM's liability, if any, to the State, this averment is denied.

40. Denied.

41. Answering defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 40 above.

42. Denied.

43. Denied.

44. Denied.

45. Answering defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 44 above.

46. Denied.

47. Denied.

48. Answering defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 47 above.

49. This allegation is not directed to answering State defendants. To the extent an answer is required, or to the extent Plaintiffs seek to impute FCM's liability, if any, to the State, this averment is denied.

50. This allegation is not directed to answering State defendants. To the extent an answer is required, or to the extent Plaintiffs seek to impute FCM's liability, if any, to the State, this averment is denied.

## RELIEF

1. It is specifically denied that plaintiffs are entitled to damages, including compensatory damages, punitive damages and/or attorneys' fees.

2. It is specifically denied that plaintiffs are entitled to any relief.

3. Plaintiffs are not entitled to punitive damages for liability, if any, under 10 Del.C. §3724.

## AFFIRMATIVE DEFENSES

1. The State defendants are immune from liability to plaintiffs under the doctrine of sovereign immunity.

2.  The State defendants are immune from liability under the Eleventh Amendment of the United States Constitution.

3.  The State of Delaware, Department of Correction, and State defendants in their official capacities are not subject to suit or liable for alleged violations of plaintiff=s constitutional rights as they are not "persons" pursuant to 42 U.S.C.A. §1983.

4.  Officials and employees of the State of Delaware acting in good faith within the scope of their employment and without knowingly violating well established federal rights, are entitled to qualified immunity and cannot be held liable in this action.

5.  The State defendants are immune from liability to the plaintiff under the Delaware State Tort Claims Act.  10 Del.C. §4001 *et. seq*.

6.  Individual defendants cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

7.  To the extent the Plaintiffs seek to hold the defendants liable based on supervisory responsibilities, the Doctrine of Respondeat Superior is not a basis for liability in an action under 42 U.S.C.A. §1983.

8.  To the extent Plaintiffs' claims sound in negligence, Plaintiffs cannot state a cause of action under 42 U.S.C.A. §1983.

9.  Plaintiffs fail to state a claim against State defendants for failure to train and maintenance of wrongful customs, practices and policies.

10. Plaintiffs fail to state a claim against State defendants for violation of the Eighth Amendment as a result of denial of medical care.

11. Decedent's illness, if any, existed prior to the date of the alleged wrongful conduct by defendants.

12. The extent of Decedent's illness, if any, was not known to or reasonably ascertainable by Defendants prior to his death.

13. Decedent's injuries, and Plaintiffs' damages, if any, resulted from an intervening and superseding cause.

14. Decedent contributed to his injuries, including, but not necessarily limited to, concealing his illness (if any) and/or the extent of his illness, proximately causing his own injuries and Plaintiffs' damages, if any, arising from the alleged incident.

15. Plaintiffs otherwise fail to state a claim upon which relief may be granted.

### STATE DEFENDANTS' CROSSCLAIM AGAINST FIRST CORRECTIONAL MEDICAL, INC. (FCM), FOR CONTRACTUAL DEFENSE AND INDEMNIFICATION

### JURISDICTION

1. The District Court has jurisdiction over the State Defendants' crossclaim against FCM pursuant to 28 U.S.C.A. §§ 1367, as well as Federal Rules of Civil Procedure 13(g) and 18.

### COUNT I

### CONTRACTUAL INDEMINIFICATION

2. The State of Delaware Department of Correction and Defendant, First Correctional Medical-Delaware, L.L.C. (FCM), were parties to a contract for the provision of medical services to the Delaware Department of Correction's inmate population, applicable and effective during November, 2004, and at all relevant times to this action.

3. The contract specifically created in co-defendant, First Correctional Medical-Delaware, L.L.C., a clear and unequivocal duty to

> hold harmless, indemnify and defend the DOC [Department of Correction], the State of Delaware and their agents, employees or officers . . . from any and all suits, actions, losses, liability, damages (including punitive damages), expenses, reasonable attorney fees (including salaries of attorneys regularly employed by the State of Delaware), judgments or settlements . . . arising out of the provision of health care services by FCM, its employees, or subcontractors under the contract, including direct or indirect negligence or intentional acts of omission or commission, and professional malpractice regardless of any intentional acts o[r] omissions or commission by employees or officials of the DOC.

(6/17/02 Contract, ¶8. Hereinafter referred to as the "hold harmless provision").

4. All conditions precedent to recovery under the contract, if any, have been satisfied or waived.

5. According to the contract and the language of the hold harmless provision, the State Defendants are third-party beneficiaries of the contract.

6. State Defendants have been required to be represented by the undersigned counsel rather than an attorney provided by co-defendant First Correctional Medical.

7. The State of Delaware Department of Correction has been required to expend public funds necessary to the litigation of this matter.

8. Injuries, if any, to decedent and Plaintiffs were proximately caused by the actions, omissions and/or professional malpractice of defendant, First Correctional Medical.

9. The State Defendants deny any liability arising out of any allegation by any party in this litigation. Defendant, First Correctional Medical, is liable for defense and indemnification of the State and State Defendants under the hold harmless provision

even if the State and/or any State Defendant is found to have engaged in negligent, intentional or other conduct resulting in injury and liability to decedent and/or plaintiffs.

## COUNT II

### COMMON LAW INDEMNIFICATION

10. The State Defendants incorporate by reference paragraphs 1 – 9 of the crossclaim as if more fully set forth herein.

11. The State Defendants deny any liability arising out of any allegation by any party in this litigation. To the extent Plaintiffs are successful in recovering any award against any State Defendant, the State Defendants are entitled to be held harmless, defended, and indemnified pursuant to the express language of the hold harmless provision of the contract.

12. Should the Court rule that any portion of the contract or the hold harmless provision is inapplicable or void, the State Defendants are entitled to common law indemnification in the alternative. In the event that any State Defendant is found liable to the Plaintiffs, then the State Defendants cross-claim against co-defendant First Correctional Medical, whose negligence was the primary and proximate cause of any and all damage sustained by the Plaintiffs, and for which the State Defendants, if liable at all, are only secondarily liable. The State Defendants are therefore entitled to common law indemnification in the event that their claim for contractual indemnification is rejected by the Court.

13. With respect to any state law claim for negligence or any recovery thereunder, the State Defendants' cross-claim against co-defendant First Correctional

Medical, to have the relative degrees of fault apportioned pursuant to the Uniform Contribution Among Tortfeasors Law, 10 Del. C. § 6301, *et seq.*

**WHEREFORE**, State Defendants demand that judgment be entered in their favor as to all claims, and against the plaintiffs as to all claims, and that costs and attorney fees be awarded to the State Defendants. The State Defendants further demand that judgment be entered in their favor as to the instant cross-claim and that costs and attorney fees incurred in relation thereto be awarded to the State Defendants.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Stephani J. Ballard
STEPHANI J. BALLARD (ID # 3481)
Deputy Attorney General
State of Delaware
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants

DATED: April 7, 2006

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **KAREN BARKES, et. al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) C. A. No. 06-104-JJF |
| **FIRST CORRECTIONAL MEDICAL INC.; et.al.,** | ) |
| | ) |
| **Defendants.** | ) |

### CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on <u>April 7, 2006</u>, she caused the attached, *Answer and Crossclaim of State of Delaware Defendants: Department of Correction, Stanley Taylor, Raphael Williams and "Unknown Employees" of State of Delaware,* to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Jeffrey K. Martin, Esquire | Daniel L. McKenty |
| Margolis Edelstein | McCullough & McKenty |
| 1509 Gilpin Avenue | 1225 N. King Street, Suite 1100 |
| Wilmington, DE 19806 | P.O. Box 397 |
| | Wilmington, DE 19899-0397 |

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8400
Attorney for State Defendants