IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KAREN BARKES, individually; TINA GROSSMAN as next friend of BRITTANY BARKES; TINA GROSSMAN as next friend of ALEXANDRA BARKES; and KAREN BARKES as administratrix of the ESTATE OF CHRISTOPHER BARKES, | ) ) ) ) ) ) ) ) | |
| | ) | C. A. No. 06-104-JJF |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| FIRST CORRECTIONAL MEDICAL INC.; STANLEY TAYLOR; RAPHAEL WILLIAMS; CERTAIN UNKNOWN INDIVIDUAL EMPLOYEES OF STATE OF DELAWARE DEPARTMENT OF CORRECTION; CERTAIN UNKNOWN INDIVIDUAL EMPLOYEES OF FIRST CORRECTIONAL MEDICAL, INC., and STATE OF DELAWARE, DEPARTMENT OF CORRECTION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR REARGUMENT**

State Defendants, Stanley Taylor, Raphael Williams and the Delaware Department of Correction, by and through their counsel, hereby move this Honorable Court to deny Plaintiffs' Motion for Reargument of the decision granting Summary Judgment in favor of the State Defendants, issued by this Court on February 27, 2008. (D.I. 60, 61). Plaintiffs' Motion must be denied for the reasons set forth herein.

Local Rule 7.1.5 provides that motions for reargument "shall be sparingly granted."

1

A motion for reargument "should not be used to re-hash arguments already briefed or to allow a 'never-ending polemic between the litigants and the Court.'" Kavanagh v. Keiper Recaro Seating, Inc., 2003 WL 22939281 (D.Del. 2003) (*citing* Ogelsby v. Penn Mutual Life Ins. Co., 877 F.Supp. 872, 892 (D.Del. 1995)). This Court in Kavanagh held that a motion for reargument may only be granted, (and even then, only in the court's discretion), in "three narrow circumstances":

    (1) where the court has patently misunderstood a party,

    (2) where the court has made an error not of reasoning, but of apprehension, or

    (3) where the court has made a decision outside the scope of the issues presented to the court by the parties.

Kavanagh at *1 (*citing* Pirelli Cable Corp. v. Ciena Corp., 988 F.Supp. 424, 445 (D.Del. 1998); Murphy v. Bancroft Construction Co., 2004 WL 1326464 (D.Del. 2004).

Plaintiffs in the instant case meet none of the narrow criteria cited above by which a motion for reargument might be granted. Indeed, plaintiffs do not even argue that any of the above grounds for reargument exist in this case. Rather, Plaintiffs' entire motion to reargue is simply a "re-hash" of arguments already made during briefing for summary judgment, and rejected by the Court in its decision granting summary judgment to State Defendants on all claims. (D.I. 60).

**1. "Confusion" over the suicide prevention policy in place in November 2004.**

Plaintiffs claim that this Court should reopen the judgment in Defendants' favor on the basis of page numbering discrepancies in different versions of the DOC suicide prevention policy, SOP 190.04 produced during litigation. It is undisputed that SOP 190.04 was in existence at the time of Barkes' suicide in November 2004. Plaintiffs point to the fact

that there is a discrepancy in page numbering between the version produced by Defendants in discovery and a version attached to the Reply Brief, both with Bates numbers D00461-00464.[1] However, the substance of the two versions (Ex. A and Ex. C to Plaintiffs' Motion) is identical—not one word of the text is different; simply the page numbering at the top.

In addition, State Defendants produced a *later* version of SOP 190.04, which went into effect in May 2005, six months after the Barkes incident. This version (Ex. B to Plaintiffs' Motion) which contains minor substantive changes (which are apparent by comparison to the original version), speaks for itself as a subsequent revision of the same policy. The modifications are immaterial to this case as they did not take effect until after the suicide in question. This May 2005 version was indeed misidentified in an August 2007 cover letter from counsel (signed for by counsel's paralegal) as the version in effect at the time of Barkes' death. However, the notation on the actual document: "REVISED: MAY 1, 2005" makes clear that the statement in the letter was a clerical error. The actual discovery responses which, unlike the letter, are part of the actual record in this case, make clear that the version which is Bates stamped D00461-464 is the version which was actually in effect in November 2004. (A-101).

Plaintiffs' counsel claims (as in the Answering Brief, without citation to documents) that he "repeatedly attempted to obtain clarification of this discrepancy [re: versions of SOP 190.04?] from Defendants. (D.I. 64, Mo. for Rearg. at p.3). The record does not bear this

---

1 If necessary, support staff for State Defendants would aver that the missing "page 5 of 5" of "Exhibit C" was a blank page. There was a four page version and a 5 page version (page 5 being blank) of the identical contemporaneous (November 2004) SOP 190.04. The 5 page version was Bates' stamped then set aside when the 4 page version was located; this 4 page version was what was actually produced in discovery at D00461-464. The 5 page version had been retained in the file and was mistakenly appended to the Reply Brief instead of the 4 page version. Again, no substantive differences whatsoever appear in Exhibits A and C.

out. In addition, undersigned counsel will represent to the Court that she never received the letter that was purportedly sent on October 12, 2007 (included in Plaintiffs' Appendix, D.I. 55 at B-20, but not discussed in the Answering Brief). This letter is unsigned, and indicates "via facsimile only;" however, a copy of the facsimile transmittal sheet is not provided.

Plaintiffs' arguments as to non-substantive variations of SOP 190.04 do not meet any of the narrow criteria for re-opening the judgment already granted in this case. This Court did not misunderstand or misapprehend this issue, as it was raised by Plaintiffs in their Answering Brief, and all of the "versions" of SOP 190.04 were in the summary judgment record for the Court's review. (*See* Plt. Ans. Brf. at p.2; Plt. Appx. At B-1-5 (D.I. 54, 55). This Court acknowledged Plaintiffs' argument in its Opinion granting summary judgment at page 3, footnote 1, and evidently did not find it sufficient to affect the granting of summary judgment in favor of Defendants.

While Plaintiffs attempt to manufacture "confusion" from the clerical errors discussed above, their argument about different "versions" of the policy would be of no consequence in any event, even if they could point to meaningful differences in the documents. This is because, as the Court recognized in granting summary judgment, Plaintiffs produced no evidence whatsoever in the record which would support their claims that State Defendants exhibited deliberate indifference to (or that DOC had at any time) a deficient suicide prevention policy causally resulting in Christopher Barkes' death. Plaintiffs never identified any expert witnesses to opine on DOC's policies. No one, other than Plaintiffs' counsel expressed an opinion on the merits of DOC's suicide prevention policies.

Plaintiff points to certain language that appears in the original version of SOP 190.04 that was removed when the document was revised in May 2005. (Mo. For Rearg. At p.4).

4

This language is of no consequence to this case, as it relates to the housing of "suicidal" inmates. Christopher Barkes was never identified as a "suicidal" inmate at any time while he was incarcerated. Rather, based upon the nurse's observations and the history he provided at intake in the mental health assessment, Barkes was classified and housed as an ordinary detainee. Nor does Plaintiff have *any* evidence to refute the affidavits of multiple DOC guards that Barkes displayed no suicidal warning signs and acted entirely normally throughout his 21-hour incarceration, until his sudden suicide. Thus, the provision of SOP 190.04 regarding the housing of "suicidal inmates" never even came into play in this case.

As discussed in Defendants' Opening Brief, the threshold burden for Plaintiffs in making their "policy" claim is to identify a specific alternative policy or training not provided that could reasonably have been expected to prevent the suicide that occurred. Woloszyn v. County of Lawrence, 396 F.3d 314, 324-26 (3d Cir. 2005). *See* Mem. Op. at p.17 (D.I. 60). Plaintiffs produced no evidence of *any* alternative policy which might have averted this suicide, and offered no opinion testimony as to the merits of SOP 190.04. Thus, no matter which version of the policy was in effect in November 2004, there was no evidence whatsoever in the record by which Plaintiffs could have met their legal burden on a claim that Defendants were deliberately indifferent to a constitutionally deficient policy. The Court properly granted summary judgment on this claim, and there is no basis to disturb this ruling on a motion for reargument. The Court did not "patently misunderstand" this issue and did not make an error of apprehension or rule beyond the scope of the issues presented. There is, therefore, no basis to reopen the case on a motion for reargument based upon Plaintiffs' arguments about SOP 190.04. Kavanagh, *supra*.

Finally, there is a further and absolute legal bar to Plaintiffs' "policy and practice"

5

claim—the fact that such a claim, which is a claim asserted against the governmental entity (often described as a "municipal liability" claim), may not be brought against *State* officials by virtue of their Eleventh Amendment immunity. *See* Opening Brief at pp.24-26, discussing Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978). This Court did not need to reach this Constitutional argument, because of the complete void in the factual record as to any policy deficiencies, but if it had, State Defendants submit that Plaintiff's "policy and practice" claim would be absolutely barred as a matter of law.

**2. The USDOJ documents.**

Plaintiffs' second purported basis for reargument is that the Court should have considered the USDOJ documents which Plaintiffs themselves admit were never produced during discovery. Plaintiffs' belated attempt to introduce these documents into the case for the first time during summary judgment briefing was improper. Defendants objected, as the documents had never been produced in discovery and were otherwise not admissible, nor did they even address the case at bar. This Court extensively addressed Plaintiffs' "USDOJ documents" argument in its Opinion granting summary judgment. Specifically, this Court found that: the USDOJ documents had not been properly produced in discovery;[2] they were not opined on by a witness; they were, by their own terms, inadmissible in evidence against the State; the documents were created years after the incident in question and therefore could not have influenced the State Defendants, and, in fact, the USDOJ documents spoke favorably of the DOC suicide intake assessment form. (Mem. Op. at pp. 8-9, 15, 18). As in

---

2  Plaintiffs attempt to make an argument, which flies in the face of the Federal Rules, that they in fact "supplemented" discovery months after the discovery period had closed by the simple act of attaching new, previously unseen documents to the Appendix to their Answering Brief. Plaintiffs also criticize Defendants for "never request[ing] an update" of discovery. It is, of course, fundamental that the discovery record is closed by the time dispositive motions are pending, and that each party is obliged to affirmatively update

the Kavanagh case, *supra*, Plaintiffs here "presented this exact argument [about the USDOJ documents] to the Court in its opposition to Defendants' motion for summary judgment . . . . Plaintiffs' Motion [for Reargument] attempts to relitigate matters already decided by the Court, and therefore Plaintiffs have not stated a cognizable ground justifying reargument in this case." Kavanagh at *2.

### 3. DOC's Suicide Prevention Policies.

Plaintiffs' third and final stated basis to reopen this judgment is an argument that DOC's policies and practices as to suicide prevention were deficient. As with the SOP 190.04 and USDOJ arguments, this argument also was presented to the Court during Summary Judgment proceedings. This Court considered and rejected the identical arguments Plaintiffs make again here in the Motion for Reargument. As in summary judgment proceedings, Plaintiffs' counsel's arguments as to alleged deficiencies in DOC's policies are exactly that—*counsel's own* arguments and opinions. At no point during discovery did Plaintiffs produce an expert, or any other competent opinion or evidence, that DOC's suicide prevention and/or training policies were deficient in any way.[3] As this Court recognized in granting summary judgment: "Plaintiffs do not discuss how different intake screening or different medical personnel would have . . . prevented [Barkes'] suicide. Plaintiffs also do not identify any training that should have been provided by the State . . . but was not, nor do Plaintiffs depict how additional or different training would have alerted the DOC correctional

---

their own discovery production as new material becomes relevant or available.
3 Plaintiffs again attempt to rely on the USDOJ documents in support of their arguments which, as discussed above, is impermissible. Also, incredibly, Plaintiffs attempt to use certain written statements of Dr. Roberta Stellman—who was *DOC's own expert witness* during the 2006 USDOJ proceedings—in support of their case. Needless to say, Plaintiffs cannot rely on their opponents' expert witness, even if her alleged opinions were relevant to this case, which they are not (Dr. Stellman never addressed or opined on Mr. Barkes' suicide).

7

officers on duty that Mr. Barkes required closer supervision and/or a different cell." (Mem. Op. at 19). Plaintiffs are again simply trying to "rehash materials and theories already briefed, argued, and decided," which is an impermissible basis to reopen a case on a motion for reargument. Kavanagh, *supra*; Murphy, *supra*.

Plaintiffs have not met any of the narrow circumstances by which a motion for reargument might be granted under Local Rule 7.1.5. Summary Judgment for the State Defendants was properly granted after the Court considered and rejected each of the arguments Plaintiffs make here. Plaintiffs' disagreement with the Court's rulings does not provide a basis to re-open the judgment on a motion for reargument. Plaintiffs' Motion should be denied.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

By:  /s/ *Stephani J. Ballard*
STEPHANI J. BALLARD (I.D. No. 3481)
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants

DATED: March 26, 2008

**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **KAREN BARKES, individually;** | ) | |
| **TINA GROSSMAN as next friend of** | ) | |
| **BRITTANY BARKES; TINA** | ) | |
| **GROSSMAN as next friend of** | ) | |
| **ALEXANDRA BARKES; and** | ) | |
| **KAREN BARKES as administratrix** | ) | |
| **of the ESTATE OF CHRISTOPHER** | ) | |
| **BARKES,** | ) | C. A. No. 06-104-JJF |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **FIRST CORRECTIONAL MEDICAL** | ) | |
| **INC.; STANLEY TAYLOR;** | ) | |
| **RAPHAEL WILLIAMS;** | ) | |
| **CERTAIN UNKNOWN INDIVIDUAL** | ) | |
| **EMPLOYEES OF STATE OF** | ) | |
| **DELAWARE DEPARTMENT OF** | ) | |
| **CORRECTION; CERTAIN** | ) | |
| **UNKNOWN INDIVIDUAL** | ) | |
| **EMPLOYEES OF FIRST** | ) | |
| **CORRECTIONAL MEDICAL, INC.,** | ) | |
| **and STATE OF DELAWARE,** | ) | |
| **DEPARTMENT OF CORRECTION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

AND NOW, this ____ day of _____, 2008, Plaintiffs' Motion for Reargument having been heard and considered by the Court, it is hereby **ORDERED** that the Motion is **DENIED**.

_____
J.

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **KAREN BARKES, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **C. A. No. 06-104-JJF** |
| ) | |
| **FIRST CORRECTIONAL MEDICAL** ) | |
| **INC.; et. al.,** ) | |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on <u>March 26, 2008</u>, she caused the attached, *State Defendants' Response in Opposition to Plaintiffs' Motion for Reargument* to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Jeffrey K. Martin, Esquire          Daniel McKenty, Esquire
Martin & Wilson, P.A.                Heckler & Frabizzio
1508 Pennsylvania Ave., Suite 1C     P.O. Box 128
Wilmington, DE 19806                 Wilmington, DE 19899-0128

                                                                           /s/ *Stephani J. Ballard*
                                                                           Stephani J. Ballard, I.D. #3481
                                                                           Deputy Attorney General
                                                                           Carvel State Office Building
                                                                           820 N. French Street, 6th Floor
                                                                           Wilmington, DE  19801
                                                                           (302)577-8400
                                                                           Attorney for State Defendants