IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **KAREN BARKES, et al.** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-104-JJF |
| | ) | |
| **FIRST CORRECTIONAL MEDICAL INC.; STANLEY TAYLOR; RAPHAEL WILLIAMS; CERTAIN UNKNOWN INDIVIDUAL EMPLOYEES OF STATE OF DELAWARE DEPARTMENT OF CORRECTION; CERTAIN UNKNOWN INDIVIDUAL EMPLOYEES OF FIRST CORRECTIONAL MEDICAL, INC., and STATE OF DELAWARE, DEPARTMENT OF CORRECTION,** | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### STATE DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' "AMENDED COMPLAINT" AS TO TERMINATED STATE DEFENDANTS

COME NOW, the State of Delaware Department of Correction and the above-captioned individuals who were formerly Defendants ("State Defendants") in this lawsuit. Summary Judgment was granted, on all claims, in favor of State Defendants and against Plaintiff. The former State Defendants, by and through counsel, now hereby move this Honorable Court for an Order striking from the record the purported "Amended Complaint," filed on June 13, 2008 in this matter. (D.I. 75). The belated attempt to raise new claims, arising out of the original incident, against the terminated State Defendants by filing an "Amended Complaint" is impermissible under the Federal Rules of Civil Procedure. Defendants'[1] Motion to Strike should be granted for the reasons set forth herein.

---

[1] For ease of reference the Moving Parties will be referred to as "Defendants" or "State Defendants" even though they are no longer defendants of record in this case. The filing of this motion is without waiver of any and all defenses, and service requirements, which would apply to the "Amended Complaint" if it were permissibly filed. It should be noted that individual defendants Stanley Taylor and Raphael Williams are no longer employed by the Department of Correction.

*Procedural Posture of This Case.*

1. On February 16, 2006, Plaintiffs filed a Complaint against State Defendants and First Correctional Medical, Inc. (the former medical provider for the Department of Correction), for civil rights claims arising out of the suicide of Plaintiffs' decedent, Christopher Barkes, at the Howard R. Young Correctional Institution.  State Defendants answered and asserted a cross-claim against FCM for contractual and common-law indemnification, pursuant to the medical service contract between FCM and DOC.

2. Following discovery, the State Defendants moved for summary judgment.  After briefing, this Court granted Summary Judgment in favor of the State Defendants as to all claims, by Order and Opinion dated February 27, 2008. (D.I. 60, 61).  The Court simultaneously entered a formal Judgment "in favor of [State] Defendants and against Plaintiffs" on February 27, 2008. (D.I. 62).  Plaintiffs filed a Motion for Reargument of the summary judgment decision, which was denied on April 18, 2008.  (D.I. 61).  This Court wrote in its decision that "nothing in Plaintiffs' filing persuades the Court that the issues in this case should be revisited."  Id.

3. In accordance with the grant of Judgment, the official Court docket listed, and continues to list, all State Defendants as "Terminated" parties as of February 27, 2008.  The docket similarly reflects that all State "cross-claimants" were "Terminated" as of February 27, 2008.[2]

4. Thus, as of February 27, 2008, the sole remaining parties in this case were Plaintiffs and Defendant FCM.  FCM's legal counsel filed a motion to withdraw as counsel, which the Court granted on February 28, 2008 (the day after State Defendants were dismissed).  (D.I. 63). FCM was ordered to retain new counsel but did not do so, with the result that Plaintiffs requested

---

[2] Although the Motion for Summary Judgment proceedings did not explicitly address the State's cross-claim against FCM, it was necessarily terminated as a matter of law by the grant of judgment in State Defendants' favor and against Plaintiffs (*i.e.* there was no surviving cross-claim for indemnification because of the finding that no liability existed against State Defendants).

and were granted a default judgment against FCM, by oral order at a hearing on the FCM matters on May 21, 2008. (D.I. #73). A written Judgment was later entered granting judgment in favor of Plaintiffs and against FCM, "with the amount of judgment to be determined." (D.I. 74). The State Defendants did not appear at the May 21, 2008 hearing, nor were they required to, as they had been completely "terminated" from the litigation at that point. The case against the State Defendants was, by all official records, including a formal judgment in their favor, over.

5. On June 13, 2008, Plaintiffs filed the "Amended Complaint" which Defendants now move to strike. No motion to amend was filed. No notice or opportunity to be heard was granted to State Defendants before Plaintiffs unilaterally filed the purported "Amended" Complaint. The Amended Complaint was not even redlined or annotated to indicate what was being added or amended, in violation of Local Rule 15.1(b). A review of the "Amended Complaint" shows that it retains and reasserts all the *same claims* in the original Complaint *upon which State Defendants had already prevailed on summary judgment*, as well as adding new allegations and two new counts, alleging that Defendants Taylor and Williams "failed to supervise and monitor FCM" and "conspired with FCM" to violate Barkes' civil rights. (D.I. 75, Counts VI, VII).

> ***Plaintiffs cannot "amend" their Complaint as to State Defendants where Judgment has already been entered in Defendants' favor without moving to alter or amend the Judgment and moving to amend.***

6. Plaintiffs' purported "Amended Complaint" is not a valid filing under the Rules of Civil Procedure and must be stricken from the docket. In addition to the procedural defects outlined herein, the "Amended Complaint," if permitted to go forward, would violate the procedural due process rights of the former State Defendants. By this filing, Plaintiffs attempt to unilaterally bring State Defendants back into a litigation (notably, after the statute of limitations has run) in which they have already prevailed and obtained a final judgment in their

3

favor, without any notice or opportunity to be heard.  In short, the Plaintiffs seek to unilaterally resurrect a Complaint in which the Court judicially terminated Defendants participation and liability.  Defendants are entitled to rely on and enforce the judgment in their favor.

7. The only proper procedural mechanism by which Plaintiffs could--if at all[3]—seek to assert late, new claims against Defendants who have already prevailed on summary judgment would have been to file a Motion to Amend or Alter the Judgment, pursuant to F.R.C.P. 59(e) and, if that were granted, a Motion to Amend the Complaint, pursuant to F.R.C.P. 15.  Plaintiff did neither.  There is, understandably, a dearth of caselaw in which plaintiffs have attempted to "amend" complaints following a complete grant of summary judgment for defendants.  The only similar case (which on its procedural background is quite distinguishable) found in this Circuit was Adams v. Gould, Inc., 739 F.2d 858 (3d Cir. 1984).   Adams is instructive as to procedure.

8. In Adams, the district court had denied defendants summary judgment on a complaint related to collective bargaining and fiduciary duty issues, but had certified a single legal issue for interlocutory appeal.  The Third Circuit answered the question certified but declined to reach another issue raised by Plaintiffs at oral argument.  The Court of Appeals directed summary judgment for defendants based upon the answer to the certified question.  *The Adams plaintiffs proceeded properly in the District Court by filing a motion to alter or amend the (summary) judgment pursuant to Rule 59(e) (within 10 days of judgment) and a motion for leave to file an amended complaint* in an attempt to formally advance the theory they had initially attempted to argue to the Third Circuit.  739 F.2d at 862-63.  The district court denied both motions and plaintiffs appealed.

---

[3] Many issues remain which would have to be litigated even if Plaintiff had followed the proper procedure to attempt to resurrect the prevailing parties as Defendants—such as whether the "new" claims could or should reasonably have been asserted during the "original" period of pleading and discovery and whether the "new" claims can relate back to the original filing, given that the Amended Complaint was filed almost two years after the expiration of the statute of limitations.  F.R.C.P. 15(c).

The Third Circuit, after an extensive analysis of the procedural history and facts of the case, reversed the district court and found an abuse of discretion in denying Plaintiffs' motions.[4] Notably, the Third Circuit cited the general rule that "a plaintiff may not ordinarily amend his complaint after going to trial on one legal theory and losing" and against requiring defendants to "retry the same facts" already adjudicated based on a brand new legal theory. 739 F.2d at 869. On the facts of Adams however, the Court found that the amendment should have been allowed because plaintiffs had tried to assert the "new" theory in the earlier proceedings but the issue was not decided by the earlier judgment. Id. The Court further found that amendment was appropriate where the "new" claim was not barred by the statute of limitations, there was no undue delay, and defendants could not demonstrate any particular prejudice.

Again, notwithstanding that the Adams analysis is not even reached, due to Plaintiffs' failure to properly reopen the judgment against State Defendants, the factors cited by the Third Circuit would result in a different outcome in this case on a Rule 59(e)/Rule 15 analysis. For example, the "new" claims raised by Plaintiffs here arise out the identical facts and circumstances which were or should have been litigated in the original complaint—the liability for deficient health services, if any, on the part of State Defendants and FCM, all of whom were parties from the inception of the suit in February 2006. The statute of limitations has long since run from the filing of the original complaint in this matter, and Defendants Taylor and Williams—now retired from DOC and private citizens (Mr. Williams has relocated out of state)--would be highly prejudiced by being dragged back into litigation of a case in which they already obtained summary judgment in their favor.

9. As noted above, there appear to be very few cases addressing the scenario presented here, but the ones that do exist appear to ratify the procedure implicitly approved by the Third

---

[4] The Adams analysis on the merits of the amendment, while instructive, is not directly applicable since Plaintiffs in the instant case did not proceed properly under the Federal Rules by filing motions to reopen the case in the District Court as did the Adams plaintiffs, and it is too late for them to do so now.

Circuit in <u>Adams</u>—that a party seeking to reopen an established summary judgment must do so by means of a Rule 59(e) Motion to alter or amend that judgment, followed by a Rule 15 amendment and subsequent analysis of the issues under that rule. *See* <u>Stephenson v. Calpine Conifers, II, Ltd.</u>, 652 F.2d 808, 811 (9th Cir. 1981) (overruled on unrelated grounds by 823 F.2d 1349 (9th Cir. 1987)):

> [A] Rule 59(e) motion is the proper vehicle for seeking reconsideration of an order granting dismissal without leave to amend. We discern no valid distinction . . . between an order granting summary judgment and one dismissing a complaint without leave to amend. Both orders are *dispositive trial court determinations of law* and both should be subject to reconsideration under Rule 59(e).

(emphasis added); *See also* <u>Butler v. Sentry Insurance Mutual Co.</u>, 640 F.Supp 806, 810 (N.D. Ill. 1986) (court denying plaintiff's 59(e) motion for reconsideration of total dismissal of claims against defendant on summary judgment). In <u>Butler</u>, the court stated that it was too late for the plaintiff to argue legal theories he could have advanced during the summary judgment process; "once [defendant] moved for summary judgment [plaintiff] was required to give the matter his best shot . . . . He is not now entitled to reload and shoot again—at least not with ammunition that was available to him during the original fusillade." 640 F.Supp. at 812. *See also* <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271 (9th Cir. 2000)(denying motion to amend *during* summary judgment proceedings, holding that even under liberal Rule 15 standard, late amendments are disfavored where the facts and theory were known to the moving party at the outset of the case and amendment would require reopening discovery).

***Plaintiff may not now reopen the judgment under Rule 59(e).***

10. F.R.C.P. 59(e) provides that "[a] motion to alter or amend a judgment must be filed *no later than 10 days after the entry of the judgment*" (emphasis added). Judgment in this case in favor of State Defendants was entered on February 27, 2008. (D.I.62). The last day by which Plaintiffs could have moved to alter or amend the judgment, pursuant to Rule 59(e) was March

6

12, 2008. Moreover, this Court is not permitted, under the Federal Rules, to enlarge the time period of Rule 59(e), even for good cause. "A court must not extend the time to act under Rules . . . 59(b), (d), and (e) . . . except as those rules allow." F.R.C.P. 6(b)(2). Plaintiffs did not file a timely motion to alter or amend the summary judgment in favor of State Defendants and are, as a matter of law, too late to do so now.

> ***Plaintiffs' "Default Judgment" against FCM affords them no new rights against the State Defendants.***

11. It appears that Plaintiffs may attempt to rely on statements made by the Court during the proceedings of May 21, 2008, wherein the Court granted Plaintiffs' request for a default judgment against FCM. (Transcript docketed at D.I. 73). As discussed above, no State Defendant remained a party to the case as of the date of this hearing and, accordingly, State Defendants did not appear or participate at the hearing, which was noticed only as a proceeding for FCM to show cause as to their representation status. (D.I. 63). "[T]he court shall conduct a hearing on May 21, 2008 at 1:00 p.m . . . to determine whether judgment (and in what amount) shall be entered against FCM." Id. No notice was provided that any issues regarding the then-terminated State Defendants would be addressed.

12. At the hearing, the Court granted the default judgment in favor of Plaintiffs and against FCM, with Plaintiffs to request a hearing to determine the amount of damages. The Court then stated: "I'll grant you leave to file any amended pleadings that you believe is appropriate given the present status of the case; two motions, that being the motion to withdraw [as FCM counsel] and the motion for Default Judgment having been granted." Counsel for Plaintiffs then alluded to the dismissed State Defendants and his attempt to appeal the summary judgment decision to the Third Circuit (which was interlocutory due to the continuing claims against FCM remaining in the District Court). The Court then said, without further explanation, "[t]he prior grant of Summary Judgment was in the circumstances of the case on the claims that

were raised at that juncture . . . I'm aware that you may have claims which you don't have to disclose today. You can do it in a pleading that may pertain either to third parties or the parties that were initially in the case that you want to rejoin in the case, then I think there might be issues related back to the claims." (D.I. 73). This second statement by the Court seems to conflict with the earlier statement that leave to amend was being granted solely with reference to the "two motions" *about FCM* having been granted.

        13. The Court's statements are unclear, with no explanation of the "claims" referred to or how "circumstances had changed" in any way with respect to the State Defendants and their status as terminated parties. In any event, and with all due respect to the Court, the Court was without power to re-open the case as to the State Defendants at an *ex parte* conference and without citation to the Rules by which a judgment may be altered or amended under the Federal Rules. The hearing was a permissible "*ex parte*" because, as of May 21, 2008, only one party (Plaintiff) remained; the State Defendants had been granted judgment in their favor and terminated as parties, and FCM had defaulted and was unrepresented. The actual grant of the default judgment against FCM afforded Plaintiff only a right to recover on claims he had already asserted in the complaint against FCM—not to recover upon dismissed claims or new claims as to the State Defendants.

      To the extent the Court attempted to allow new action to be taken against the dismissed State Defendants, however, the ruling did not comport with due process, as the State Defendants were not given any notice that they might be brought back into the case three months after receiving judgment in their favor, nor any opportunity to be heard on the same. Moreover, like all civil proceedings, this case is bound by the Federal Rules which, as discussed above, provide a specific mechanism (Rule 59(e)) by which a party must move to alter or amend an existing

judgment. This Rule was not timely complied with by Plaintiffs, and the Rules explicitly provide that the time to do so cannot be enlarged by the Court.

**WHEREFORE**, State Defendants respectfully request that this Honorable Court strike Plaintiffs' "Amended Complaint" (D.I. #75) from the docket, as not authorized by the Federal Rules of Civil Procedure and for failure to comport with the basic requirements of due process as to the former State Defendants.

    STATE OF DELAWARE
    DEPARTMENT OF JUSTICE

    /s/ *Stephani J. Ballard*
    Stephani J. Ballard, I.D. #3481
    Deputy Attorney General
    Carvel State Office Building
    820 N. French Street, 6th Floor
    Wilmington, DE  19801
    (302)577-8400

DATED: July 3, 2008    Attorney for State Defendants

**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **KAREN BARKES, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v.  ) | C. A. No. 06-104-JJF |
| ) | |
| **FIRST CORRECTIONAL MEDICAL** ) | |
| **INC.; STANLEY TAYLOR;** ) | |
| **RAPHAEL WILLIAMS;** ) | |
| **CERTAIN UNKNOWN INDIVIDUAL** ) | |
| **EMPLOYEES OF STATE OF** ) | |
| **DELAWARE DEPARTMENT OF** ) | |
| **CORRECTION; CERTAIN** ) | |
| **UNKNOWN INDIVIDUAL** ) | |
| **EMPLOYEES OF FIRST** ) | |
| **CORRECTIONAL MEDICAL, INC.,** ) | |
| **and STATE OF DELAWARE,** ) | |
| **DEPARTMENT OF CORRECTION,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

AND NOW, this ____ day of _____, 2008, the State Defendants' Motion to Strike Plaintiffs' "Amended Complaint" (D.I. #75), and any responses filed thereto, it is hereby **ORDERED** that Defendants' Motion is **GRANTED** and the Clerk of Court is directed to strike Docket Item #75 from the record as impermissibly filed.

_____
J.

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAREN BARKES, et al.   )<br>  )<br>   Plaintiffs,   )<br>  )<br>  v.   )<br>  )<br>FIRST CORRECTIONAL MEDICAL   )<br>INC.; STANLEY TAYLOR;   )<br>RAPHAEL WILLIAMS;   )<br>CERTAIN UNKNOWN INDIVIDUAL   )<br>EMPLOYEES OF STATE OF   )<br>DELAWARE DEPARTMENT OF   )<br>CORRECTION; CERTAIN   )<br>UNKNOWN INDIVIDUAL   )<br>EMPLOYEES OF FIRST   )<br>CORRECTIONAL MEDICAL, INC.,   )<br>and STATE OF DELAWARE,   )<br>DEPARTMENT OF CORRECTION,   )<br>  )<br>   Defendants.   )  | C. A. No. 06-104-JJF |

### CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on <u>July 3, 2008</u>, she caused the attached, ***State Defendants' Motion to Strike Plaintiffs' "Amended Complaint" as to Terminated State Defendants*** to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Jeffrey K. Martin, Esquire<br>Martin & Wilson, P.A.<br>1508 Pennsylvania Ave., Suite 1C<br>Wilmington, DE 19806<br>Attorney for Plaintiffs | Herbert G. Feuerhake, Esquire<br>Law Office of Herbert G. Feuerhake<br>521 West Street<br>Wilmington, DE 19801<br>Attorney for Plaintiffs |

          /s/ *Stephani J. Ballard*
          Stephani J. Ballard, I.D. #3481
          Deputy Attorney General
          Carvel State Office Building
          820 N. French Street, 6th Floor
          Wilmington, DE  19801
          (302) 577-8400
          Attorney for State Defendants