IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAREN BARKES individually; TINA GROSSMAN as next friend of BRITTANY BARKES; TINA GROSSMAN as next friend of ALEXANDER BARKES; and KAREN BARKES as administratrix of the ESTATE OF CHRISTOPHER BARKES,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST CORRECTIONAL MEDICAL CENTER; STANLEY TAYLOR; RAPHAEL WILLIAMS; CERTAIN UNKNOWN INDIVIDUAL EMPLOYEES OF THE STATE OF DELAWARE DEPARTMENT OF CORRECTION; CERTAIN UNKNOWN INDIVIDUAL EMPLOYEES OF FIRST CORRECTIONAL MEDICAL CENTER; and STATE OF DELAWARE DEPARTMENT OF CORRECTION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06-104 JJF<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO STATE DEFENDANTS' MOTION TO STRIKE AMENDED COMPLAINT

In responding to the "State Defendants' Motion to Strike Plaintiffs' 'Amended Complaint' as to Terminated State Defendants" (D.I. #76), a logical point of departure is the ruling made by the Honorable Judge Joseph Farnan from the bench on May 21, 2008:

> I'll grant you leave to file any amended pleadings that you believe is appropriate given the present status of the case; two motions, that being the motion to withdraw and the motion for Default Judgment having been granted . . . The prior grant of summary

> judgment was in the circumstances of the case on the claims that were raised at that juncture . . . I'm aware that you may have claims which you don't have to disclose today. You can do it in a pleading that may pertain either to third parties or the parties that were initially in the case that you want to rejoin in the case, then I think there might be issues related back to the claims.

The State Defendants assert that this Court was "without power to re-open the case as to the State Defendants at an *ex parte* conference and without citation to the Rules by which a judgment may be altered or amended under the Federal Rules" (D.I. #76 at page 8, paragraph 13). The State Defendants are wrong in their assertion.

### The Court was *not* without power to act as it did on May 21, 2008

This Court granted partial summary judgment in favor of State Defendants in this case on February 27, 2008 (D.I. #60 and #61), and entered a "judgment" on that date (D.I. #62). We place the word *judgment* within quotation marks because, despite being a common usage upon the grant of partial summary judgment under Rule 56(d), it does not technically apply to any of the actions taken by the Court on February 27, 2008. The term "judgment" is defined in Rule 54(a) as follows:

> "Judgment" as used in these rules includes a decree and any order *from which an appeal lies*. [Emphasis added].

Although Plaintiffs took the conservative route herein of filing an appeal of the grant of summary judgment against the State Defendants to avoid losing their appeal rights if the grant was determined to be a final judgment, the Third Circuit saw it differently and dismissed the appeal as premature. The Third Circuit saw it differently, and accurately, because the partial summary judgment granted in favor of State Defendants ("partial" because it did not dispose of all claims against all defendants) was not an appealable final decision; it was not, in other words, a "judgment" under Rule 54(a). "Generally, an order granting summary judgment as to

one of several defendants is not appealable." Buzzard v. Roadrunner Trucking, Inc., 966 F.2d 777 (3rd Cir. 1992); see Shirey v. Bensalem TP, 663 F.2d 472 (3rd Cir. 1981). "A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial . . . A district court "retains jurisdiction to modify a [Rule 56(d)] order at any time.'" Alberty-Velez v. Corporacion De Puerto Rico, 361 F.3d 1, 6 at fn. 5 (1st Cir. 2004), internal citation omitted. While Rule 54(b) and 28 U.S.C. §1292(b) provide avenues by which a District Court Judge can certify an interlocutory appeal, such certification was neither sought nor obtained in the instant matter. The rationale for these rules requiring finality has been stated by the U.S. Supreme Court as follows:

> The requirement of finality precludes consideration [on appeal] of decisions that are subject to revision, and even of "fully consummated decisions [that] are but steps toward final judgment in which they will merge."

Behrens v. Pelletier, 516 U.S. 299, 305, 116 S.Ct. 834, 838, 133 L.Ed.2d 773 (1996) quoting Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed.2d 1528 (1949). The decision in the instant matter is not final, but rather is still evolving.[1]

State Defendants cite to Adams v. Gould, Inc., 739 F.2d 858 (3rd Cir. 1984) for the proposition that plaintiffs herein needed to file a Rule 59(e) motion to circumvent the partial summary "judgment" entered on February 27, 2008, and further argue that the time for a Rule 59(e) motion has passed. In fact, the time for a Rule 59(e) motion has not yet started to run in the instant matter, for the same reason that no appeal yet lies: because partial summary judgment is not a final "judgment" per Rule 54(a). The Adams case, in contrast, embodies a

---

[1] Indeed, the jurisprudence as to "partial summary *judgment*" is quite forceful. The case law, for example, notes that a "partial summary judgment" under Rule 56(d) is really more an order or "adjudication," not a judgment, and that the use of the term "judgment" in partial summary judgment adjudications is a "misnomer," In re Air Crash Disaster near Warsaw, Poland, 979 F. Supp. 164, 166-67 (E.D. N.Y. 1997); see generally Moore's Federal Practice, Volume 11 Paragraph 56.40 [1], [2] (3rd Ed. 2005) ("because a partial summary judgment order entered pursuant to Rule 56(d) is not a final order, a court may revise the order later in the litigation").

3

complex procedural history involving the reopening (for the purpose of allowing an amended claim) of a summary judgment that had disposed of *all* claims against *all* defendants. Moreover, the Adams court noted the "liberal pleading philosophy of the federal rules" which, in terms of amended pleadings, allows such amendments "by leave of the court which is to be freely granted," 739 F.2d at 864.

And leave to amend is precisely what this Court expressly granted in its May 21, 2008 bench order. There is no rule of procedure which prevents the filing of the Amended Complaint (D.I. #75) in this matter, and Plaintiffs had no need to file a written motion under Rule 15 seeking leave of court when, in fact, leave of court had already been obtained.

Nor did the temporary pendency of an ill-fated appeal divest this Court of authority. Although the filing of a Notice of Appeal can divest the District Court of jurisdiction, "[o]ne exception . . . is that the jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable . . . An appeal from a non-appealable judgment is a nullity," Venen v. Sweet, 758 F.2d 117, 121 (3rd Cir. 1985).

## The ruling of the Court was not *ex parte*

The great bulk of cases determining due process rights to notice of a hearing relate to seizures of property without notice, or newspaper notices to creditors of a bankrupt party, or similar situations in which a *specific* party claims that a *general* notice is defective. In the instant controversy, State Defendants were provided advance notice of a proceeding to be held in District Court on May 21, 2008, and were aware (or should have been) that the District Court retained jurisdiction over their claims for all of the reasons cited above. Their decision not to attend was their own choice, not a choice imposed on them. Nor was it an opportunity,

4

most importantly, of which they were in any way *deprived*. "The amount of notice due depends on the context." <u>Reynolds v. Wagner</u>, 128 F.3d 166 (3rd Cir. 1997). In the instant matter, State Defendants had adequate notice of the relevant proceeding. The District Court's bench ruling was not *ex parte*.

**<u>Conclusion</u>**

For all of the reasons hereinabove stated, it is respectfully requested that *State Defendants' Motion to Strike Plaintiffs' "Amended Complaint" as to Terminated State Defendants* be denied.

*Dated: July 21, 2008*

By: /s/ Jeffrey K. Martin  #2407
Jeffrey K. Martin, Esq. (#2407)
Martin & Wilson, P.A.
1508 Pennsylvania Ave., Suite 1-C
Wilmington, Delaware 19806
(302) 777-4680
jmartin@martinandwilson.com

By: /s/ Herbert G. Feuerhake  #2590
Herbert G. Feuerhake, Esq. (#2590)
521 West Street
Wilmington, Delaware 19801
(302) 658-6101
**herblaw@verizonmail.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAREN BARKES individually; TINA GROSSMAN as next friend of BRITTANY BARKES; TINA GROSSMAN as next friend of ALEXANDRA BARKES; and KAREN BARKES as administratrix of the ESTATE OF CHRISTOPHER BARKES,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST CORRECTIONAL MEDICAL, INC.; STANLEY TAYLOR; RAPHAEL WILLIAMS; CERTAIN UNKNOWN INDIVIDUAL EMPLOYEES OF THE STATE OF DELAWARE DEPARTMENT OF CORRECTION; CERTAIN UNKNOWN INDIVIDUAL EMPLOYEES OF FIRST CORRECTIONAL MEDICAL, INC.; and STATE OF DELAWARE DEPARTMENT OF CORRECTION,<br><br>Defendants. | C.A. No. 06-cv-00104(JJF)<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Jeffrey K. Martin, Esquire, do hereby certify that on July 21, 2008, I electronically filed *Plaintiffs' Response in Opposition to State Defendants' Motion to Strike Amended Complaintl* with the Clerk of the Court using CM/ECF which will send notification of such filing to the following attorneys-of-record below:

Stephani J. Ballard
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
Attorney for Raphael Williams, Stanley Taylor and Department of Correction

BY: /s/ Jeffrey K. Martin  #2407
    Jeffrey K. Martin, Esq. (#2407)
    Martin & Wilson, P.A.
    1508 Pennsylvania Ave., Suite 1-C
    Wilmington, Delaware 19806
    (302) 777-4680
    jmartin@martinandwilson.com