IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAREN BARKES, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : C. A. No. 06-104-JJF-MPT |
| | : |
| FIRST CORRECTIONAL MEDICAL, et al., | : |
| | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

Presently before the court is defendants' motion to dismiss plaintiffs' second amended complaint. For the reasons that follow, the court recommends defendants' motion be granted in part and denied in part.

**II. BACKGROUND**

On February 16, 2006, plaintiffs filed a complaint under 42 U.S.C. § 1983 and Delaware state law regarding plaintiffs' decedent Christopher Barkes.[1] Barkes committed suicide at the Howard R. Young Correctional Institution ("HRYCI") on November 14, 2004. Plaintiffs are the surviving members of decedent's family in varying capacities.

Plaintiffs named the State of Delaware Department of Corrections ("DOC"), Stanley Taylor, DOC Commissioner, and Raphael Williams, Warden of HRYCI (collectively, "State Defendants"), as well as then-DOC medical provider First Correctional Medical, Inc. ("FCM") as defendants. Plaintiffs asserted an Eighth

---

[1] D.I. 1.

Amendment claim for deliberate indifference to Barkes' serious medical needs, an Eighth Amendment claim for failure to train and/or wrongful customs, practices and policies, and a state law wrongful death claim. All State Defendants prevailed on summary judgment.[2] Plaintiffs filed a motion for reargument, D.I. 64, which was denied.[3]

On May 21, 2008, following a show cause hearing, the court granted plaintiffs' motion for default judgment against FCM.[4] The court also granted plaintiffs leave to amend the pleadings to add new claims "that pertain either to third parties or the parties that were initially in the case that you want to rejoin in the case."[5] Plaintiffs responded by filing an amended complaint against Taylor and Williams including two new counts and several new allegations.[6] Taylor and Williams then moved to strike the amended complaint.[7] The court granted this motion because the amended complaint retained and reasserted claims from the original complaint upon which State Defendants had already prevailed on summary judgment, but granted plaintiffs leave to file a second amended complaint that did not include such claims.[8] Plaintiffs then filed a second amended complaint on April 9, 2009.[9] State Defendants' motion to strike this second amended complaint was denied.[10] After substantial discovery, Taylor and Williams

---

[2] D.I. 60.
[3] D.I. 70.
[4] D.I. 74.
[5] D.I. 73 at 3-4.
[6] D.I. 75.
[7] D.I. 76.
[8] D.I. 81.
[9] D.I. 82.
[10] D.I. 92.

moved to dismiss the second amended complaint under Fed. R. Civ. P. 8(a) and 12(b)(6).[11]  The parties completed briefing on this issue on March 23, 2010, and the court heard oral argument on March 31, 2010.

## III. DISCUSSION

### A. Threshold Issues

Before determining whether plaintiffs' second amended complaint survives a motion to dismiss, the court must consider two preliminary questions raised by the parties' briefs:  (1) whether the restrictions in Fed. R. Civ. P. 59(e) prevent plaintiffs from going forward against Taylor and Williams; and (2) whether the court is permitted to consider new allegations found in plaintiffs' brief opposing the motion to dismiss in analyzing the viability of the second amended complaint.  For the following reasons, the court recommends answering both questions in the negative.

*1. Applicability of Fed. R. Civ. P. 59(e)*

Fed. R. Civ. P. 59(e), as it was in effect in 2008 when the court granted summary judgment in favor of State Defendants, states that "a motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."[12]  Taylor and Williams argue that the opinion and order granting summary judgment in their favor triggered application of Rule 59(e), and that plaintiffs may not now alter or amend that judgment by bringing new claims more than one year after its entry.  The court finds this argument unavailing for two reasons.

---

[11] D.I. 144.
[12] The Rule has since been amended to permit a motion within 28 days after entry of the judgment.  See FED. R. CIV. P. 59 advisory committee's note.

First, the court is not persuaded that its prior grant of summary judgment in favor of State Defendants qualifies as a "judgment" under Rule 59(e). FRCP 54(a) defines "judgment" as used in the Federal Rules to include "a decree and any order from which an appeal lies." Furthermore, under FRCP 54(b),

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The Third Circuit has interpreted this rule to preclude appealability of a determination as to less than all parties in an action.[13] Because defendant FCM remained in the case after entry of the order on summary judgment, and because the court did not certify the order for appeal by expressly determining that there was "no just reason for delay," the court recommends a finding that its order was not a "judgment" under the Rules, and that FRCP 59(e) does not apply.

Second, the court does not agree that plaintiffs seek to "alter or amend" its prior order on summary judgment. Rather, plaintiffs bring new and different claims against defendants Taylor and Williams. Because the claims at issue here were not considered in the court's prior opinion and order on summary judgment, the court recommends a finding that Rule 59(e) does not apply.

---

[13] *Shirey v. Bensalem Tp.*, 663 F.2d 472, 475 (3d Cir. 1981) (citing *Levin v. Wear-Ever Aluminum, Inc.*, 427 F.2d 847 (3d Cir. 1970) and *Sullivan v. Delaware River Port Authority*, 407 F.2d 58 (3d Cir. 1969)).

*2. Consideration of Additional Allegations from Plaintiff's Brief Opposing*

*the Motion to Dismiss*

Courts generally consider only the allegations contained in the complaint, exhibits

attached to the complaint, and matters of public record when reviewing a motion to

dismiss.[14]  Fed. R. Civ. P. 12(d) addresses the use of materials which are outside the

pleadings in motions to dismiss under Rule 12(b)(6).  When such materials are

presented, the motion is treated as one for summary judgment.  However, certain

additional materials may be considered without converting the motion to dismiss into a

motion for summary judgment.  Indeed, cases have allowed consideration of matters

"incorporated by reference or integral to the claim, items subject to judicial notice,

matters of public record, orders, items appearing in the record of the case and exhibits

attached to the complaint whose authenticity is unquestioned . . . ."[15]  A party is entitled

to notice and a fair opportunity to respond to any evidence the court might consider in

its review of a motion to dismiss.  Where a party has such notice, however, it is proper

for the court to consider that evidence.

Plaintiffs argue that the recent Supreme Court decisions in *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), permit this

court to consider additional allegations contained in their brief opposing the motion to

---

[14]  *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 988 F.2d 1192,
1196 (3d Cir.1993).
[15]  5B CHARLES A. WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE
§ 1357 (2007); *see also Buck v. Hampton Tp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir.
2006) (citing 5B CHARLES A. WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE & PROCEDURE
§ 1357 § 1357 (2004)).

dismiss the second amended complaint.[16] In support of this argument, plaintiffs note *Iqbal's* instruction that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[17] Plaintiffs further note *Twombly's* observation that "once a claim for relief has been stated, a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint."[18] Plaintiffs contend that, in light of these references, consideration of a motion to dismiss "obviously . . . invokes matters beyond the complaint," including "the many facts that have been uncovered in discovery and elsewhere and made a part of the record of the case."[19]

Plaintiffs appear to misunderstand both prior case law (allowing consideration of additional materials on a motion to dismiss) and the impact of *Tombly* and *Iqbal* thereon. Regarding prior case law, plaintiffs are correct that a court need not slavishly confine itself to the four corners of the complaint in deciding a motion to dismiss.[20] The court, however, is not free to accept any and all additional materials. As noted above, the court may only consider matters incorporated by reference or relied upon in the claims, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits of unquestioned authenticity attached to the

---

[16] *See* D.I. 148 at 13-15.
[17] *Iqbal*, 129 S.Ct. at 1949-50 (citations omitted). The Third Circuit adopted this language in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).
[18] *Twombly*, 550 U.S. at 563 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)).
[19] D.I. 148 at 13.
[20] *See supra* notes 14-15 and accompanying discussion.

complaint. In this case, the remarks plaintiffs ask the court to consider were not attached to, incorporated by reference into, or relied upon in the second amended complaint. Nor are these additional "facts . . . uncovered in discovery" matters of public record or subject to judicial notice. Plaintiffs argument would be strengthened if they could support these comments with citation to items in the record, but they cannot.[21]

Concerning plaintiffs' expansive interpretation of *Twombly* and *Iqbal*, the "specific context" alluded to in these decisions appears to refer to the nature of the action, not the state of the record.[22] In the same vein, "judicial experience" and "common sense" do not permit a court to scour the record for additional facts indicating that claims are plausible, but rather to draw on outside knowledge in determining whether the particular facts alleged "raise a right to relief above the speculative level."[23] Therefore, because prior case law does not permit the court to consider plaintiffs' additional materials, and because the court is not convinced that *Twombly* and its progeny meant to alter that case law, the court recommends confining any analysis to the allegations contained in plaintiffs' second amended complaint.

---

[21] No such citations appear in plaintiffs' brief. *See* D.I. 148 at 13-15. The court confirmed at oral argument that support for these comments does not exist in the record of the case. *See* Transcript of March 31, 2010, at 59-70.

[22] *See Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) ("[T]he *Twombly* decision focuses our attention on the context of the required short, plain statement. *Context* matters in notice pleading. Fair notice under Rule 8(a)(2) *depends on the type of case*-some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (emphasis added, internal citations omitted).

[23] *Twombly*, 500 U.S. at 555. *See also Twombly* at 566-69 (looking to outside sources in determining whether the factual assertions plausibly supported a finding of unlawful conspiracy).

**B. Sufficiency of the Complaint**

*1. Standard of Review*

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case.[24] Evaluating a motion to dismiss requires the court to accept as true all material allegations of the complaint.[25] "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[26] A motion to dismiss may be granted only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief."[27]

To survive a motion to dismiss under Rule 12(b)(6), however, the factual allegations must be sufficient to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[28] A plaintiff is obliged "to provide the grounds of his entitle[ment] to relief beyond labels and conclusions."[29] Although heightened fact pleading is not required, "enough facts to

---

[24] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).
[25] *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).
[26] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotations and citations omitted); *see also Twombly*, 550 U.S. at 563 n.8 ("when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder").
[27] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotations and citations omitted).
[28] *Twombly*, 550 U.S. at 555; *see also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007).
[29] *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

state a claim to relief that is plausible on its face" must be alleged.[30] While the court assumes that all factual allegations in the complaint are true and draws all reasonable factual inferences in the light most favorable to the plaintiff, it rejects unsupported allegations, "bald assertions," and "legal conclusions."[31] "When a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."[32]

2. *Count V (Cruel and Unusual Punishment Through a Failure to Supervise and Monitor FCM)*

Plaintiffs bring an Eighth Amendment Claim under 42 U.S.C. § 1983, alleging that Taylor and Williams failed to "supervise and/or monitor the activities of FCM . . . to insure the proper care of Mr. Barkes in light of his proclivity to suicide" and to insure that "appropriate suicide-prevention monitoring occurred in the period prior to an evaluation by a fully qualified medical provider."[33]

To succeed on a claim against supervisors based on prison policy or practices, plaintiffs must identify a specific policy or practice that the supervisor failed to employ

---

[30] *Id.* at 570; *see also Phillips*, 515 F.3d at 233 ("In its general discussion, the Supreme Court explained that the concept of a 'showing' requires only notice of a claim and its grounds, and distinguished such a showing from 'a pleader's bare averment that he wants relief and is entitled to it.'") (quoting *Twombly*, 550 U.S. at 555 n.3).

[31] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted); *see also Schuylkill Energy Res., Inc v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997) ("unsupported conclusions and unwarranted inferences" insufficient); *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996) (allegations that are "self-evidently false" are not accepted); *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983) ("It is not . . . proper to assume [the plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged").

[32] *Twombly*, 550 U.S. at 562-63.

[33] D.I. 82 at 9.

and show that: (1) the existing policy or practice created an unreasonable risk of Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice.[34]  In the context of prison suicides, the Third Circuit has explained that a plaintiff must "(1) identify specific training not provided that could reasonably be expected to prevent the suicide that occurred, and (2) must demonstrate that the risk reduction associated with the proposed training is so great and so obvious that the failure of those responsible for the content of the training program to provide it can reasonably be attributed to a deliberate indifference to whether the detainees succeed in taking their lives."[35]  With regard to obviousness of the risk, the Supreme Court has stated that where the risk is "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk . . . such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk."[36]

In this case, plaintiffs' § 1983 claim fails to adequately allege that defendants were aware of the risk imposed by FCM's suicide prevention policies.  Indeed, the only paragraph in the second amended complaint suggesting such awareness is paragraph 38, which states that "the DOC and its administration, including Defendants Stanley Taylor and Raphael Williams, were aware that FCM was supplying defective medical

---

[34] *See Sample v. Diecks*, 855 F.2d 1099, 1118 (3d Cir. 1989).
[35] *Colburn v. Upper Darby Tp.*, 946 F.2d 1017, 1030 (3d Cir. 1991).
[36] *Farmer v. Brennan*, 511 U.S. 825, 842-43 (1994); *see also Woloszyn v. County of Lawrence*, 396 F.3d 314, 325 (3d Cir. 2005) (quoting *Farmer* approvingly).

services." FCM, however, contracted to provide all of the DOC's medical services, not only those relating to suicide screening and prevention. Moreover, the law is clear that a supervisor must be aware of the precise risk causing injury; liability does not attach simply because the supervisor was aware of and disregarded *some* risk. The court must therefore infer that because Taylor and Williams were aware of general defects in FCM's medical services, they were also aware of particular defects in FCM's suicide screening and prevention practices. The question is whether other well-pleaded allegations in the second amended complaint make this inference a reasonable one.

The court recommends a finding that they do not. The complaint alleges a number of facts suggesting that those dealing *directly* with Barkes at FCM and the DOC had reason to know of his personal proclivity to suicide,[37] but this speaks only to the possibility of negligence by those individual employees, and is irrelevant to whether *Taylor and Williams* were aware of a larger risk involving FCM suicide screening and prevention policies. The second amended complaint also points to an investigation of five Delaware prisons (including HRYCI) conducted by the United States Department of Justice, culminating in a report that "found substantial deficiencies in the medical and mental health care provided to inmates at, inter alia, HRYCI."[38] This report, however, was released on or about December 29, 2006–over two years *after* the incident at

---

[37] *See* D.I. 82 at ¶ 14 ("On information and belief, Mr. Barkes attempted suicide on at least one other occasion while incarcerated at HRYCI."), ¶ 18 ("During the initial intake of Mr. Barkes . . . employees of Defendant FCM noted that Mr. Barkes took . . . Depakote XR, Seroquel, and Effexor XR, whose clinical use is to treat depression and bipolar disorder."), and ¶ 20 ("The intake form prepared at the time of Mr. Barkes' entry into HRYCI . . . was checked 'yes' next to the inquiry, 'Have you ever attempted suicide?'").

[38] *See* D.I. 82 at ¶¶ 32-33.

HRYCI.[39] There is simply no reason to infer awareness of a risk in 2004 from a report published in 2006. Hence, the court recommends Count V of the second amended complaint be dismissed because its limited factual allegations fail to support an inference that defendants knew of the risk imposed by DOC and FCM suicide screening and prevention policies at the time of Barkes' death.

### *3. Count VI (Conspiring to Violate the Civil Rights of Christopher Barkes)*

Count VI of the second amended complaint alleges that Taylor and Williams "conspired with personnel of State actor FCM to implement and foster the flawed policies and procedures of FCM and the DOC . . . ."[40] Plaintiffs bring these claims under 42 U.S.C. §§ 1983, 1985, and 1986, as well as Delaware common law.

To plead a conspiracy claim under § 1983, plaintiffs must demonstrate an agreement of two or more conspirators to deprive Barkes of a constitutional right under color of law.[41] To that end, a plaintiff must "make *specific factual allegations* of combination, agreement, or understanding among or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events."[42] Under Delaware law, a conspiracy claim requires a showing of (1) a confederation or combination of two or more persons, (2) an unlawful act done in furtherance of the conspiracy, and (3) actual damage.[43]

---

[39] D.I. 82 at ¶ 32.
[40] D.I. 82 at ¶ 59.
[41] *See Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993), *abrogated on other grounds, United Artists Theatre Circuit, Inc. v. Tp. of Warrington*, 316 F.3d 392 (3d Cir. 2003).
[42] *Panayotides v. Rabenold*, 35 F.Supp.2d 411, 419 (E.D. Pa. 1999), *aff'd*, 210 F.3d 358 (3d Cir. 2000) (emphasis added).
[43] *See, e.g., Nicolet, Inc. v. Nutt*, 525 A.2d 146, 149-50 (Del. 1987).

In this case, the court recommends plaintiffs' § 1983 and state law claims be dismissed for the same reason: the second amended complaint lacks specific factual allegations of combination, agreement, or understanding. Indeed, the complaint rests solely on the conclusory statement that Taylor and Williams "conspired with personnel of State actor FCM." There is no indication of when, where, how, or with which individuals defendants conspired. Plaintiffs argue in their brief that the medical services contract between FCM and the DOC provides a sound basis for this claim, and that the "tacit acceptance on the part of these mutually contracting parties of flawed policies and procedures and unacceptable conditions is sufficient . . . ."[44] The court disagrees. On the threadbare claim presented, the court is unwilling to infer conspiracy merely from the existence of a contract. Between the possibility of conspiracy and the obvious alternative explanation of parties contracting in good faith, the former is not plausible.

Plaintiffs' remaining § 1985 and § 1986 claims are easily dismissed. A § 1985(3) claim requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."[45] Similarly, a claim under § 1986 requires a plaintiff to show the existence of a conspiracy under § 1985.[46] In this case, the second amended complaint lacks any suggestion of discriminatory animus motivating Taylor, Williams, or DOC and FCM personnel. Without allegations to this

---

[44] D.I. 148 at 16.
[45] *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989) (stating that a claim under § 1985 requires allegations that defendants were motivated by a class-based invidious discriminatory animus). Although plaintiffs are not specific as to which subsection of § 1985 they proceed under, § 1985(3) is their only conceivable option.
[46] *See Clark v. Clabaugh*, 20 F.3d 1290, 1295 n.5 (3d Cir. 1994).

effect, plaintiffs cannot state a claim under § 1985 or § 1986.

### C. Leave to Amend

Dismissal under Rule 12(b)(6) generally is not immediately final or on the merits. A district court will normally give the plaintiff leave to file an amended complaint to determine if the shortcomings in the original document can be corrected.[47] Third Circuit cases are clear that leave to amend should be refused "only on the grounds of bad faith, undue delay, prejudice, or futility."[48] The court does not discern any inequitable conduct in this case, nor have defendants suggested it. Unless amendment would be futile, then, the court must grant plaintiffs leave to file a third amended complaint. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."[49] In determining whether a claim would be futile, the district court applies the same standard of legal sufficiency as applies under Fed. R. Civ. P. 12(b)(6).[50]

Concerning plaintiffs' Eighth Amendment claim under § 1983, the court recommends granting leave to amend. No incurable legal insufficiency (e.g., a statute of limitations,[51] lack of standing,[52] or failure to exhaust administrative remedies[53])

---

[47] *See* 5B CHARLES A. WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2007) (collecting cases).

[48] *See, e.g., Alston v. Parker,* 363 F.3d 229, 236 (3d Cir. 2004) (citing *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

[49] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (citation omitted).

[50] *Id.*

[51] *See Lutz v. Philips Elec. N. Am. Corp.*, 347 Fed. Appx. 773, 777 (3d Cir. 2009).

[52] *See Huertas v. City of Camden*, 245 Fed. Appx. 168, (3d Cir. 2007).

[53] *See Shahin v. Delaware Dept. Of Finance*, 344 Fed. Appx. 765, 766 (3d Cir. 2009).

prevents plaintiffs from making out a valid claim. Additionally, plaintiffs' brief points to a number of facts that could strengthen an assertion that Taylor and Williams were aware of an unreasonable risk presented by FCM's suicide screening and prevention practices. The court, therefore, cannot say with confidence that plaintiffs' proposed amendment to Count V of the second amended complaint would fail to state a claim upon which relief could be granted.

Such is not the case, however, with plaintiffs' conspiracy claims. While the sufficiency of plaintiffs' § 1983 claim is a close call, the court is unable to locate *any* well-pleaded facts supporting their conspiracy claim. A finding of futility is further supported by plaintiffs' failure to offer further facts supporting conspiracy in their briefs and at oral argument.[54] In light of this, the court is convinced that no amendment could cure the deficiencies in the second amended complaint. The court therefore recommends that leave to amend Count VI of the second amended complaint be denied.

**ORDER AND RECOMMENDED DISPOSITION**

For the reasons contained herein, I recommend that:

(1) Defendants' motion to dismiss the second amended complaint (D.I. 144) be

---

[54] *See Kanter v. Barella*, 489 F.3d 170, 181-82 (3d Cir. 2007) (affirming district court's denial of leave to amend where plaintiff offered no new facts at oral argument supporting existence of a required claim element); *In re NAHC, Inc. Securities Litigation*, 306 F.3d 1314, 1332 (3d Cir. 2002) (finding no abuse of discretion by district court in denying leave to amend where plaintiffs made no representation concerning new information received since filing the complaint and provided no proposed amendments or specific facts that would cure the complaint's pleading deficiencies); *Lum v. Bank of America*, 361 F.3d 217, 229 (3d Cir. 2004) (upholding denial of leave to amend where plaintiffs did not identify any additional allegations related to the claim at issue that they would include in an amended complaint).

GRANTED in part and DENIED in part, consistent with this report and recommendation;

(2) Plaintiffs' request for leave to amend Count V of the second amended complaint be GRANTED.  Plaintiffs shall file their amended complaint on or before April 23, 2010;

(3) Plaintiffs' request for leave to amend Count VI of the second amended complaint be DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.Del.LR 72.1.  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.[55]  The objections and response to those objections are limited to ten (10) pages each.

The parties are directed to the court's standing Order in Non-Pro Se Matters for Objections Filed under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the court's website, www.ded.uscourts.gov.


Dated:  April 7, 2010                    /s/ Mary Pat Thynge
                                   UNITED STATES MAGISTRATE JUDGE

---

[55] FED. R. CIV. P. 72(b).