IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KAREN BARKES, et al.,

    Plaintiffs,

v.                                  : Civil Action No. 06-104-LPS

FIRST CORRECTIONAL MEDICAL,
et al.,

    Defendants.

## MEMORANDUM ORDER

Pending before the Court are Objections To Report And Recommendation Regarding Motion To Dismiss Plaintiff's [sic] Third Amended Complaint filed by Defendants Stanley Taylor and Raphael Williams. (D.I. 166.) For the reasons discussed, the Court will overrule the Objections, adopt the Report And Recommendation (D.I. 165) issued by Magistrate Judge Thynge, and deny Defendants' Motion To Dismiss (D.I. 153).

### I. BACKGROUND

The background relevant to this action is set forth fully in Magistrate Judge Thynge's July 27, 2010 Report and Recommendation (D.I. 165 at 1-3), as well as the February 27, 2008 Memorandum Opinion (D.I. 60 at 2-9) issued by Judge Farnan. By way of brief summary, Plaintiffs, the surviving family members of decedent Christopher Barkes, filed this action pursuant to 42 U.S.C. § 1983, in connection with Barkes' suicide at the Howard Young Correctional Institute ("HYCI"). Plaintiffs' initial Complaint alleged Eighth Amendment violations against the State Department of Corrections (the "DOC"); Stanley Taylor, the Commissioner of the DOC; Raphael Williams, Warden of the Howard Young Correctional Institute ("HYCI") (collectively, "the State Defendants"); and First Correctional Medical, Inc.

("FCM"), the DOC medical provider at the relevant time.

In February 2008, Judge Farnan granted summary judgment in favor of the State Defendants (D.I. 60-62) and entered default judgment against FCM. (D.I. 74.) Judge Farnan also granted Plaintiffs leave to amend the pleadings to add new claims "that may pertain either to third parties or the parties that were initially in the case that you want to rejoin in the case." (D.I. 73 at 3-4.)

Plaintiffs then filed an Amended Complaint, which was stricken by the Court to the extent it contained claims upon which the State Defendants had already prevailed. (D.I. 81.) However, leave was granted to file a second amended complaint that did not include such claims. (*Id.*) The Second Amended Complaint was filed (D.I. 82), and Defendants moved for dismissal. (D.I. 144.) The Court granted the Motion To Dismiss, but allowed Plaintiffs leave to amend Count V. (D.I. 150, 158.) As a result, Count V is the only count of the Third Amended Complaint currently at issue.

Count V of the Third Amended Complaint alleges that Defendants Taylor and Williams violated decedent's Eighth Amendment Rights to be free from cruel and unusual punishment by failing to supervise and monitor FCM. By her Report and Recommendation, Magistrate Judge Thynge recommended that the Court deny Defendants' Motion To Dismiss.

## II. PARTIES' CONTENTIONS

Defendants, Stanley Taylor and Raphael Williams, object to the Report and Recommendation, contending that Judge Thynge erred in dismissing Count V on two grounds. First, Defendants contend that the facts underlying this claim were already litigated and decided in their favor when Judge Farnan adjudicated their summary judgment motion in February 2008.

2

Thus, Defendants contend that the relitigation of this claim is barred by collateral estoppel.

Second, Defendants contend that Judge Thynge erred in finding that Plaintiffs sufficiently alleged that Defendants were personally involved in decedent Barkes' suicide. Because they are government officials, Defendants contend that Plaintiffs must establish that each Defendant violated the Constitution through his individual actions. According to Defendants, Judge Thynge erroneously relied on a theory of *respondeat superior* to sustain Claim V.

In response, Plaintiffs contend that Count V was introduced into this litigation well after Judge Farnan adjudicated the 2008 summary judgment motion and raises a new claim not previously addressed by Judge Farnan. Specifically, Plaintiffs contend that the previous claims concerned Defendants Taylor and Williams' alleged failure to supervise their own personnel, but the current Count V alleges that Defendants Taylor and Williams failed to supervise FCM. Plaintiffs maintain that the allegations forming the basis of this claim differ in significant detail from any previous allegations considered by the Court and, therefore, Judge Farnan's summary judgment decision should not bar the current claim. In addition, Plaintiffs contend that Count V sufficiently alleges Defendants' "'personal involvement' by virtue of their failure to *supervise* FCM, which failure was a proximate cause of Mr. Barkes' suicide for which they are culpable." (D.I. 168 at 4, emphasis in original.)

## III. LEGAL STANDARDS

When reviewing the decision of a magistrate judge on a dispositive matter, the Court conducts a *de novo* review. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). A motion to dismiss and a motion for summary judgment are considered dispositive matters and, therefore, the findings and conclusions of the magistrate judge in connection with such motions are

3

reviewed *de novo. Id.* The Court may accept, reject, or modify the recommendations of the magistrate judge. Id. The Court may also receive further evidence or return the matter to the magistrate judge with instructions for proceeding. *Id.*

## IV. DISCUSSION

Reviewing the Report And Recommendation *de novo*, the Court concludes that Magistrate Judge Thynge did not err in recommending the denial of Defendants' Motion To Dismiss. Collateral estoppel, or issue preclusion, is the general rule requiring courts to give preclusive effect to prior decisions involving "an issue of fact or law [that has been] actually litigated and determined by a valid and final judgment." *Restatement (Second) of Judgments* § 27 (1980). Issue preclusion applies to a particular issue when "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Jean Alexander Cosmetics, Inc. V. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006); *see also Nat'l R.R. Passenger Corp. v. Pennsylvania Public Utility Comm'n*, 288 F.3d 519, 525 (3d Cir. 2002). The Third Circuit has also "considered whether the party being precluded 'had a full and fair opportunity to litigate the issue in question in the prior action,' and whether the issue was determined by a final and valid judgment." *Id.* (internal citations omitted).

In arguing for dismissal of Count V, Defendants highlight three factual allegations noted by Judge Thynge in her Report and Recommendation: (1) the suicide screening form used at HYCI in 2004, (2) the DOC's suicide policy, and (3) the suicide rate in Delaware prisons compared to the national average. Defendants contend that collateral estoppel applies because

4

Judge Farnan already considered this evidence in his summary judgment decision and, therefore, this evidence cannot be used to shield Plaintiffs' current claim from dismissal. However, Judge Farnan's consideration of the aforementioned evidence was in a different procedural posture and different context than the current claim. As Plaintiffs point out, Count V alleges a claim against Defendants for their failure to supervise and/or monitor the activities of FCM. This claim is quite different from the claim considered by Judge Farnan in 2008, which concerned Defendants' failure to train and supervise DOC personnel so as to properly recognize suicidal inmates and care for them. Thus, when Judge Farnan considered this evidence, he did so in the context of whether it alerted Defendants to deficiencies in their own policies or protocols, rather than the potential impact of the evidence vis-á-vis known deficiencies in medical care provided by FCM. In the Court's view, these differences in the nature of the claim are significant and weigh against the application of collateral estoppel.

Moreover, Judge Farnan considered this evidence in the context of summary judgment, concluding, at that juncture, that there was a lack of evidence in the record demonstrating that Defendants had knowledge of the evidence. As Plaintiffs point out, however, the inquiry for dismissal focuses on the sufficiency of the allegations and not the weight of the evidence supporting them. New depositions of Defendants Williams and Taylor are in progress; and whether these depositions reveal further evidence in the context of the particular claim asserted here is an issue more appropriately reserved for summary judgment.

In addition, the Court notes that Judge Thynge discussed numerous allegations set forth by Plaintiffs in the Third Amended Complaint supporting the claim, and not just the three pieces of evidence highlighted by Defendants. These additional allegations have not been pled

5

previously and, in the Court's view, they are sufficient, taken as a whole and in the light most favorable to Plaintiff, to state a claim against Defendants regarding their failure to supervise FCM, such that Count V should not be dismissed at this juncture.

As for Defendants' argument concerning Plaintiffs' alleged failure to plead Defendants' "personal involvement," the Court likewise finds no error in Judge Thynge's Report and Recommendation. An individual government "defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (internal quotation marks omitted). Allegations of personal direction of the alleged wrongdoing, or of actual knowledge and acquiescence in the alleged wrongdoing, can establish a defendant's personal involvement. *Id.* "While vicarious liability is not available, supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or if the supervisor's actions and inactions were 'the moving force' behind the harm suffered by the plaintiff." *Jackson v. Taylor*, 2006 WL 2347429, at *2 (D. Del. May 12, 2006)(citing *Sample v. Diecks*, 885 F.2d 1099, 1117-18 (3d Cir. 1989)).

Defendants contend that Judge Thynge "erred in finding that an inference could be drawn showing that Defendants Taylor and Williams were personally involved in the decedent Barkes' suicide, when Plaintiffs failed to plead that each defendant, through their [sic] individual actions, had violated the Constitution." (D.I. 166 at 10.) However, the wrongdoing alleged as the constitutional violation in the Third Amended Complaint is not decedent Barkes' suicide. Rather, the thrust of Count V is that Defendants committed the constitutional wrong of failing to supervise and/or monitor FCM, such that this failure subsequently gave rise to decedent Barkes'

6

suicide. Thus, whether Defendants were personally involved in decedent Barkes' suicide is not the appropriate inquiry. The proper inquiry is whether Plaintiffs have adequately pled Defendants' personal involvement in the constitutional wrong of failing to supervise FCM.

In this case, Plaintiffs have sufficiently alleged personal knowledge by Defendants of deficiencies in FCM's care of inmates and facts related to the suicide rates of inmates and jailed detainees, as well as a suicide proclivity on the part of decedent Barkes, in particular. Plaintiffs have also alleged a series of inactions by Defendants concerning their failure to adequately monitor FCM in these circumstances. Taking these allegations in the light most favorable to Plaintiffs, the Court concludes that they are sufficient to allege Defendants' personal involvement in the constitutional wrong of failure to supervise and/or monitor FCM.

Accordingly, the Court concludes that Judge Thynge correctly concluded that the allegations of Count V are sufficient, at this juncture, to withstand dismissal.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendants' Objections to Magistrate Judge Thynge's Report And Recommendation Regarding Motion To Dismiss Plaintiffs' Third Amended Complaint (D.I. 166) are **OVERRULED**.

2. The Report And Recommendation Regarding Motion To Dismiss Plaintiffs' Third Amended Complaint (D.I. 165) is **ADOPTED** and Defendants' Motion To Dismiss Plaintiff's Third Amended Complaint (D.I. 153) is **DENIED**.

DATE: 2-18-11

UNITED STATES DISTRICT JUDGE