IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KAREN BARKES, et al.,           :
                                :
            Plaintiffs,         :
                                :
      v.                        : Civil Action No. 06-104-LPS
                                :
FIRST CORRECTIONAL MEDICAL,     :
et al.,                         :
                                :
            Defendants.         :

## MEMORANDUM ORDER

Pending before the Court is Plaintiffs' January 18, 2011 Motion for Sanctions ("Motion"

or "Mot."). (D.I. 179)  For the reasons discussed, the Court will DENY the Motion.

## I.     BACKGROUND

Plaintiffs, the surviving family members of decedent Christopher Barkes ("Barkes"), filed

this action pursuant to 42 U.S.C. § 1983, in connection with Barkes' suicide at the Howard R.

Young Correctional Institute ("HRYCI").  Plaintiffs' initial Complaint alleged Eighth

Amendment violations against the State Department of Corrections (the "DOC"); Stanley Taylor,

the Commissioner of the DOC; Raphael Williams, Warden of the HRYCI (collectively, "the

State Defendants"); and First Correctional Medical, Inc. ("FCM"), the DOC medical provider at

the relevant time.

On February 27, 2008, Judge Farnan granted summary judgment in favor of the State

Defendants (D.I. 60-62) and entered default judgment against FCM (D.I. 74).  Judge Farnan also

granted Plaintiffs leave to amend the pleadings to add new claims "that may pertain either to

third parties or the parties that were initially in the case that you want to rejoin in the case." (D.I.

73 at 3-4)  Plaintiffs then filed an Amended Complaint, which was stricken by the Court to the

extent it contained claims upon which the State Defendants had already prevailed. (D.I. 81)
However, leave was granted to file a second amended complaint that did not include such claims.
(*Id.*) The Second Amended Complaint was filed (D.I. 82), and Defendants moved for dismissal
of it (D.I. 144). The Court granted the motion to dismiss, but allowed Plaintiffs leave to amend
Count V. (D.I. 150, 158) Most recently, in February 2011, the Court denied Defendants' Taylor
and Williams' Motion to Dismiss the Third Amended Complaint. (D.I. 185)

## II.   PLAINTIFFS' MOTION FOR SANCTIONS

Plaintiffs move pursuant to Rules 11 and 37 of the Federal Rules of Civil Procedure for
sanctions against Defendants and/or their counsel as a result of what Plaintiffs deem to be grossly
belated disclosure of Barkes' probation records. Plaintiffs contend they first sought production
of Barkes' probation records in January 2007 but, contrary to repeated representations that these
records had been produced, Defendants did not produce the documents until September 28, 2010.
Plaintiffs accuse Defendants of repeated misrepresentations to the Court and a "three-year plus
suppression of these records." (Mot. at 3) Among other things, Plaintiffs speculate that "the
failure of the State Defendants to produce these critically important probation records may have
been intentional and calculated to obstruct the proper administration of justice." (Mot. at 7)
(emphasis in original omitted)

The Court has reviewed Plaintiffs' lengthy Motion and the materials cited in support of it.
The Court has also carefully considered Defendants' response to the Motion. Having done so,
the Court concludes that there is no basis for imposing sanctions on Defendants or their counsel.

As an initial matter, the Court agrees with Defendants that Plaintiffs failed adequately to
meet and confer with Defendants and to provide appropriate notice to Defendants prior to filing

the Motion. (Defendants' Opposition to Plaintiffs' Motion for Sanctions ("Opp.") (D.I. 188) at ¶¶ 6-9) It appears that Plaintiffs' counsel did nothing more than tell opposing counsel he was preparing a sanctions motion and learn that it would be opposed. Although in conversation Plaintiffs' counsel evidently offered to share a draft of the Motion with Defendants' counsel, and this offer was accepted, Plaintiffs' counsel failed to follow through on his promise, instead filing the Motion without ever disclosing the substance of it to the defense. Contrary to Plaintiffs' assertion in their Reply to Defendants' Opposition ("Reply") (D.I. 192 at 2), it is not sufficient merely to advise opposing counsel that a motion for sanctions is to be filed and to learn that it will be opposed. *See generally* Fed. R. Civ. Proc. 11(c)(2) (requiring motion for sanctions be served "but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets"); *Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3d Cir. 2003) ("Rule 37(a) requires that a party moving to compel discovery sanctions must submit to the court 'a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.'"). A party's obligation to meet and confer is heightened in the context of a request for sanctions, particularly where a party intends to accuse opposing counsel of the type of misconduct alleged here. Under the circumstances, Plaintiffs' counsel violated D. Del. LR 7.1.1 and, for this reason alone, the Motion must be denied.

Nonetheless, the Court has considered the merits of the Motion, and denies the Motion on additional grounds as well. The Court accepts defense counsel's representations that Defendants initially produced the institutional file of Barkes "and returned to the records department on

3

several occasions to identify whether any documents had not been produced to Plaintiffs." (Opp. at ¶ 23) Subsequently, after being directed to do so by Judge Thynge, defense counsel "contacted personnel at the DOC, asking to review all records again. After hearing there were no other records, [defense counsel] met with several DOC employees, and requested that they review all potential areas where additional records might be stored. As a result of these efforts, the supplemental, electronically stored discovery . . . was produced." (Opp. ¶ 24)

The Court further observes that the record does not support what Plaintiffs characterize as an "indisputable three-and-a-half year delay in providing the relevant probation records." (D.I. 192 at 2) In actuality, during much of this period, Defendants' discovery obligations appear to have been limited, if even existent, given the status of Plaintiffs' claims and various defense motions. Specifically, while it is true that Plaintiffs first sought the probation records in January 2007 (D.I. 27, 29; Mot. at 14) – and, in response, Defendants produced the records they contend they believed were responsive – fact discovery initially ended on August 31, 2007 and had been "interrupted for four months by unexpected and unavoidable reasons." (D.I. 60 at 3 n.1) (internal quotation marks omitted) Thereafter, on February 27, 2008, Judge Farnan granted summary judgment to Defendants Taylor and Williams, dismissing them from the case. (D.I. 60-62) Plaintiffs' amended complaint, filed on June 13, 2008 (D.I. 75), asserted new claims against Defendants Taylor and Williams, but this amended complaint was stricken on March 30, 2009 (D.I. 81). Plaintiffs' second amended complaint was filed on April 9, 2009 (D.I. 82), but Defendants' motion to strike it was pending until October 9, 2009, when such motion was denied (D.I. 92). As Plaintiffs observe, "there was a flurry of discovery activity" after October 9, 2009. (Mot. at 12) Indeed, as Plaintiffs acknowledge, it was not until November 6, 2009 that Plaintiffs

4

filed their "second wave of discovery requests." (Mot. at 15; *see also id.* at 19 (describing Plaintiffs' Third Request for Production of Documents, filed on December 2, 2009)) The case was referred to Magistrate Judge Thynge on February 19, 2010 (D.I. 138) and, thereafter, two additional motions to dismiss were filed (D.I. 144; D.I. 153) Plaintiffs filed a Motion to Compel production of materials including the probation records on January 20, 2010 (D.I. 126), which was denied on May 17, 2010 (D.I. 155). The issue arose again during a September 2, 2010 discovery teleconference with Judge Thynge, during which Judge Thynge directed counsel for the State Defendants to "go back to your client and ask them to check and search and see whether they have produced the probation records; because they may have looked at it from the standpoint – when you said institutional files, they may have looked at it from the standpoint as to when he was actually physically in the institution [i.e., the HRYCI] versus being supervised, out on probation." (D.I. 174 at 39) Less than a month later, on September 28, 2010, the State Defendants produced at least some of the Barkes probation records. (Mot. at 28-29) In light of the entirety of the circumstances presented here, none of this shows the type of dilatory, bad faith conduct Plaintiffs allege.

Accordingly, Plaintiffs' Motion for Sanctions is DENIED.

## III.   LEAVE TO SEEK LIMITED REARGUMENT OF SUMMARY JUDGMENT

Among the relief Plaintiffs seek by their Motion is "restoration of Count I and other matters decided on summary judgment pursuant to the Opinion of Judge Farnan dated February 27, 2008 (D.I. #60)." (Mot. at 39; *see also* Reply at 4 (contending Court should reconsider summary judgment with respect to Counts I and III of original complaint)) In their Motion, Plaintiffs argue:

5

had Judge Farnan been aware of the documentation of suicide attempts that appears in the probation records that remained undisclosed until September 28, 2010, he might well have been ready to "impute" knowledge of the content to relevant officials, or to have held relevant officials responsible for the failure on the part of the DOC to have in place adequate procedures to make such crucial information available to DOC and/or FCM personnel at the time of Mr. Barkes's detention on November 13, 2004, shortly before his successful suicide attempt.

(Mot. at 23) Plaintiffs further contend that Barkes' probation records

contain evidence *absolutely central* to the claims of Plaintiffs herein. . . . Barkes was a prison detainee who hung himself while under the supervision of the State of Delaware Department of Correction ('DOC') in the Howard R. Young Correctional Institution ("HRYCI') on November 14, 2004, less than twenty-four hours after his detention on November 13, 2004. The content of the probation records that Plaintiffs sought through discovery has now served to establish (as Plaintiffs have long suspected that it would) that the DOC had available, at the time that Decedent Barkes was taken into custody at HRYCI on November 13, 2004, *significant direct evidence* that Mr. Barkes was at great risk for the suicide he committed less than twenty-four hours later . . . .

(Mot. at 3) (internal footnotes omitted; emphasis in original)

Among other things, the probation records evidently establish that DOC was aware of previous suicide attempts by Barkes. (Mot. at 4-5) "[T]he materials withheld provided many details not otherwise available to Plaintiffs, about the extent to which the DOC had documentation *in its own files* that could have and should have been utilized to flag the need for serious suicide-prevention measures for Mr. Barkes." (Mot. at 32) To the extent Defendants are arguing that there is nothing new in the Barkes probation records (*see* Opp. at ¶¶ 8, 10-19), the

Court disagrees. *See* Reply at 3-4 ("The ultimate issue . . . [is] whether the Department of Corrections ***had records in its possession documenting these facts*** [e.g., Barkes' history of suicide attempts]. . . . It is the very ***existence*** of these records, and not merely the information that they contain, that forms the crux of their importance to this litigation.").

In light of this, Plaintiffs may be correct that Judge Farnan would have seen the issue differently if the record had contained the Barkes probation records. There are several statements in Judge Farnan's Opinion that may not have been included in it had Defendants earlier produced the probation records. (*See, e.g.*, D.I. 60 at 16 ("It is undisputed by Plaintiffs that Defendants Taylor and Williams had no personal involvement in the events surrounding Mr. Barkes's suicide, ***and there is no evidence in the record to suggest that the DOC Commissioner or the HRYCI Warden had any . . . knowledge of his condition***.") (emphasis added); *id.* at 19 ("Plaintiffs do not discuss how different intake screening or different medical personnel would have resulted in Mr. Barkes' identification as suicidal, and prevented his suicide.").)

Because the Court does not find Defendants' discovery conduct to be sanctionable, the Court will not grant the relief sought by Plaintiffs in their Motion. Therefore, the instant Order does not restore original Counts I or III or in any way alter Judge Farnan's summary judgment ruling. However, the Court is persuaded that it is reasonable, under the circumstances, for the Court to exercise its discretion to permit Plaintiffs a limited opportunity to seek reargument of this Court's grant of summary judgment to Defendants on the original Counts I and III.[1]

At this juncture, the Court has concluded merely that, if Plaintiffs wish, the Court should

---

[1] The Court is aware that Plaintiffs already filed a motion for reargument of the Court's summary judgment ruling, and it was denied. (D.I. 64, 70)

again consider summary judgment, this time in the context of a record that includes the probation records. The Court reaches no conclusion as to whether, ultimately, the summary judgment ruling should be altered in any way. The Court merely grants leave to Plaintiffs to file a motion for reconsideration if Plaintiffs wish to ask the Court to reconsider summary judgment in light of the new documents.[2]

**NOW THEREFORE, IT IS HEREBY ORDERED** that:

1.      Plaintiffs' January 18, 2011 Motion for Sanctions (D.I. 179) is DENIED.

2.      Plaintiffs are GRANTED leave to seek reargument of the Court's ruling granting Defendants' motion for summary judgment (D.I. 60, D.I. 61, D.I. 62) solely to the extent they wish to argue that the addition to the record of the Barkes probation records, as discussed herein, should alter the Court's ruling. Should Plaintiffs wish to file such a motion for reargument, they must do so no later than **May 27, 2011**.[3] Briefing will proceed according to the local rules.

3.      Defendants' request for an award of attorneys fees and costs of responding to the Motion (contained in D.I. 188) is DENIED.

DATE: May 12, 2011

UNITED STATES DISTRICT JUDGE

---

[2]The Court is not granting Plaintiffs leave to seek reargument on any other basis or of any other ruling previously entered in this case.

[3]Under the operative scheduling order (D.I. 197), fact discovery is to be completed by September 30, 2011, expert discovery completed by November 30, 2011, and case dispositive motions are to be filed by February 24, 2012.

8